### 60502. MOTZ v. NATIONAL BANK OF GEORGIA.

BIRDSONG, Judge.
This case involves summary judgment on a promissory note. The appellant-defendant (Charles S. Motz) alleges the trial court erred in granting appellee's motion for summary judgment because there were issues of fact regarding the method of payment of the promissory note.

By his answers to appellee's interrogatories, relied on in opposing summary judgment, the appellant alleges there were prior and contemporaneous oral agreements that altered the language of the promissory notes by providing that payment was to be made through payment of renewal commissions which appellant was to earn from a Massachusetts insurance company. Appellant claims that in furtherance of the payment plan he assigned his right to receive the renewal commissions to the appellee.

This parol contention is in conflict with the terms of the promissory note which provides that it matured and was payable with accrued and unpaid interest on August 13, 1979 with a security interest "conveying all contract rights under renewal commissions under contract with John B. Humphries, Mass. Mutual Life Ins. Co."

There is no suggestion in the note that it was to be paid through the renewal commissions.

The Supreme Court and this court have long held that parol evidence cannot be admitted to vary or alter the terms of a promissory note. *Dolanson Co. v. Citizens &c. Bank,* 242 Ga. 681, 683 (251 SE2d 274); *Hyman v. Horwitz,* 148 Ga. App. 647 (252 SE2d 74).

The appellant admits his signature on the note by his failure to deny it in the pleading. When the signature is admitted, production of the note entitles the holder to recover on it unless the defendant establishes a defense. Code Ann. § 109A-3 — 307. Parol evidence not being admissible to vary or alter the terms of the document, no defense is presented and there is no genuine issue as to any material fact. Code Ann. § 81A-156.

The trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 9, 1980 — DECIDED JANUARY 6, 1981.

*Steven Schaikewitz,* for appellant.
*Donald J. Goodman,* for appellee.