## 74572. WAGNER v. HOWELL ENTERPRISES, INC.
### (361 SE2d 698)

Pope, Judge.

Appellee Howell Enterprises, Inc. brought suit in the Superior Court of Gwinnett County against appellant Hilda Susan Wagner seeking to recover the amount allegedly owed by appellant on a promissory note. This appeal follows the trial court's grant of summary judgment to appellee and the dismissal of appellant's counterclaim.

1. In her first enumeration of error appellant contends that the trial court erred in refusing to consider parol evidence that the promissory note was procured by fraud and was not intended to create a bona fide indebtedness between the parties. In support of her contention appellant submitted an affidavit stating that her mother told her that the "$20,000 would come out of [appellant's] part of the settlement of [her father's] estate and [appellant] would not have to repay it," and further that Mr. Kane, "the family lawyer and accountant," told her that the note was for tax purposes and that repayment would never be demanded. Appellant's husband, who was present when appellant executed the note, also submitted an affidavit averring that Mr. Kane stated that the note was for tax purposes and repayment was not expected.

We find no error in the trial court's refusal to admit evidence of these alleged oral agreements concerning repayment of the debt evidenced by the note. The note discloses a contract between the parties, consisting of a promise to pay $20,000 on demand, plus costs of collection and 15% attorney fees if collected by law or through an attorney. "[Appellee's] evidence established that the [signature] on the promissory note [was] genuine, that [appellant received the principal amount stated] and that the note was in default. [Appellant's] claim of fraud rests solely upon the alleged oral agreement [that the note was for tax purposes and consequently payment of the note would never be demanded]. It is a well established rule that in the absence of fraud, accident or mistake, parol evidence cannot be considered to alter or vary the terms of a promissory note. *Motz v. National Bank of Ga.*, 156 Ga. App. 871, 872 (275 SE2d 809) (1981). Further, the only fraud which would relieve a party from an obligation which he has signed, where that party can read and write and is not otherwise under any disability, is that fraud which prevents him from reading what he signed. *Wall v. Federal Land Bank*, 156 Ga. App. 368, 372 (274 SE2d 753) (1980). . . . Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *First*

*Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494, 495 (241 SE2d 253) (1978). Because [appellant's] claim of fraud was based solely upon statements allegedly made about future payments, no genuine issue as to any material fact has been raised. [Appellee] was thereby entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." (Indention omitted.) *Marchman Oil & Chem. Co. v. Southern Petroleum &c. Co.,* 167 Ga. App. 691 (1) (307 SE2d 509) (1983). See also *Curtis v. First Nat. Bank of Commerce,* 158 Ga. App. 379 (1) (280 SE2d 404) (1981); *Boatman v. C & S Nat. Bank,* 155 Ga. App. 848 (2) (273 SE2d 190) (1980); *Hyman v. Horwitz,* 148 Ga. App. 647 (1) (252 SE2d 74) (1979); *Rizk v. Jones,* 148 Ga. App. 473 (251 SE2d 360) (1978); *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605 (2) (224 SE2d 442) (1976); *Pulliam v. Merchants &c. State Bank,* 33 Ga. App. 68 (2) (125 SE 509) (1924).

2. Appellant next posits the argument that the trial court erred in refusing to dismiss appellee's action because appellee was obligated to file its claims on the note as a compulsory counterclaim in an action filed by appellant against appellee (and others) in the Superior Court of Fulton County. Again we find no error. In construing OCGA § 9-11-13 (a) and (e) this court has held that claims that mature or are acquired after the pleading has been served are permissive rather than compulsory counterclaims. *Jenkins v. Martin,* 142 Ga. App. 573 (236 SE2d 542) (1977). As noted by appellant, the record in the present case shows that the appellee did not demand repayment of the note until approximately one year after appellant filed her Fulton County action. The record also shows that appellant then waited several more months before declaring the note in default. Under these facts, we cannot say that appellee was obligated to bring its action as a compulsory counterclaim to the pending Fulton County action; hence, the trial court did not err in refusing to dismiss appellee's claim on this basis.

3. Lastly, we also find no error in the trial court's dismissal of appellant's counterclaim in which appellant attempted to reassert allegations identical to those presented in her Fulton County action, said action having been decided adversely to appellant on defendants' motions for summary judgment and dismissal. See *Winters v. Pund,* 179 Ga. App. 349, 352 (346 SE2d 124) (1986).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 30, 1987.

*Richard L. Roble,* for appellant.

*Jane F. Vehko*, for appellee.