## 76830. GEORGIA HIGHER EDUCATION ASSISTANCE CORPORATION v. GELDON.
### (371 SE2d 449)

BANKE, Presiding Judge.

The appellant, Georgia Higher Education Assistance Corporation, is the guarantor of an educational loan made to the appellee by a savings and loan association. After making partial payments on the loan, the appellee defaulted; and the appellant, in accordance with the terms of the guaranty agreement, paid the savings and loan association the remaining balance due on the note. Thereafter, the appellant, as assignee of the note, brought the present action against the appellee seeking to recover the unpaid balance, in the amount of $1,976.99, plus interest. The appellee denied liability, contending that an unidentified agent of the savings and loan association had represented to her that her obligation on the loan would be satisfied if she remained employed as a draftsman for the State of Georgia for a period of three years. The appellant filed a motion for summary judgment, supported by the affidavit of appellant's acting manager of collections, who averred that neither the appellant nor the savings and loan association had made any such representation to the appellee. The trial court denied the motion, and the case is now before us pursuant to our grant of the appellant's application for interlocutory appeal. *Held*:

"Indirect" student loans, i.e., student loans made by commercial lenders and guaranteed by the Georgia Higher Education Assistance Corporation, are governed by OCGA § 20-3-261 et seq., whereas "direct" student loans, i.e., student loans made directly by the Georgia Higher Education Assistance Corporation, are governed by OCGA § 20-3-370 et seq. It is only the latter type of loan which affords the borrower the option of repaying the loan through services rendered.

The record reflects that the appellee's loan was an indirect loan from a commercial lender rather than a direct loan from the state. Her assertion that she was relieved of her obligation to repay the loan by virtue of certain oral representations made by an agent of the savings and loan association is in direct conflict with the language of the note itself, which clearly and unconditionally requires the indebtedness to be repaid in cash in monthly installments. It is axiomatic that parol evidence cannot be admitted to vary or alter the terms of a promissory note. See, e.g., *Wagner v. Howell Enterprises*, 184 Ga. App. 394 (1) (361 SE2d 698) (1987). It follows that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JULY 11, 1988.

*Christine C. Daniel*, for appellant.
*Ernest H. Woods III*, for appellee.