A91A1210. CITIZENS & SOUTHERN TRUST COMPANY (GEORGIA), N.A. et al. v. JOHNSON.
(411 SE2d 543)

ANDREWS, Judge.

We granted the application for interlocutory review to review the denial of the motion for summary judgment brought by plaintiffs below, Citizens & Southern Trust Company (C & S), Oliver Murray and William Horne in their lawsuit arising out of the following facts.

In Octobery 1984, Johnson bought property from Horne and executed a promissory note to him for one million dollars, payable over ten years. On October 6, 1986, Johnson paid Horne $935,614.29 on the note and executed a second note for $50,000. The second note provided that the entire amount owed would be payable upon demand and stated that "[n]o modification or indulgence by any holder hereof shall be binding unless in writing." Horne subsequently assigned the note to C & S and Murray.

Demand for payment on the note was made, Johnson refused to pay and C & S, Murray and Horne brought this lawsuit. In his answer to the complaint, Johnson claimed that Horne had forgiven the note simultaneously with its execution on October 8, 1986. More specifically, the answer stated that Horne wanted Johnson to sign the note because of a tax benefit, but that Horne told him that he never intended to collect the debt because of his appreciation of Johnson's early payment of the prior note. Johnson also filed a counterclaim in which he claimed that the demand for payment was improper and that the lawsuit was filed for purposes of harassment.

C & S, Murray and Horne filed a motion for summary judgment on the note seeking to recover principal and interest, costs of the action and attorney fees. The motion also sought dismissal of Johnson's counterclaim.

Johnson filed his own affidavit in opposition to the motion and swore that Horne forgave the note. He also filed the affidavit of a tax specialist who swore that because of Johnson's prepayment, Horne saved more than $50,000 in taxes. Johnson argued that a jury issue existed as to whether Horne's statements forgiving the debt induced Johnson to execute the note. Johnson also argued that his early payment on the 1984 note and the attendant tax benefit to Horne constituted consideration for the separate, subsequent oral agreement to forgive the note.

It is a well-established rule that oral representations made as inducements to the contract are inadmissible to add to, take from, or vary a written contract. *Pepsico Truck Rental v. Eastern Foods*, 145 Ga. App. 410 (243 SE2d 662) (1978); OCGA § 24-6-1. " ' "It would be extremely dangerous and inconsistent with those general rules of evidence, by which we proceed in courts of justice, to allow a party, after giving an instrument, in which he says 'I promise to pay on demand,' to say by parol evidence, 'You know I did not mean to pay on demand. . . .' " ' [Cit.] 'Evidence that at the time the maker signed the note it was distinctly understood that the maker would not have to pay the note is not permitted to compete with the written contents of the note which fails to contain the alleged stipulations.' " *Weintraub v. Cobb Bank & Trust Co.*, 249 Ga. 148, 149 (1) (288 SE2d 553) (1982); see also *Wagner v. Howell Enterprises*, 184 Ga. App. 394 (361 SE2d 698) (1987). Therefore, with respect to an unambiguous promissory note, "in the absence of fraud, accident or mistake, parol evidence cannot be considered to alter or vary the terms of a promissory note. *Motz v. National Bank of Ga.*, 156 Ga. App. 871, 872 (275 SE2d 809) (1981)." *Wagner*, supra at 394. Here, the promissory note is complete and unambiguous, Johnson does not claim that any fraud, accident or mistake induced him to sign the agreement and parol evidence regarding it was inadmissible. See generally *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333 (1) (380 SE2d 686) (1989); see also OCGA § 24-6-4.

Johnson's argument that the early payments he made to Horne on the first debt constituted consideration for a subsequent, distinct oral agreement to forgive the $50,000 is without merit since there is no evidence that the debt was forgiven subsequent to the execution of the note and, under these facts, such a contemporaneous oral agreement is inadmissible. See generally *Cooper v. Mercantile Nat. Bank*, 137 Ga. App. 605, 607 (2) (224 SE2d 442) (1976); *Llop v. Nat. Bank of Ga.*, 154 Ga. App. 504 (268 SE2d 777) (1980). Thus, the trial court erred in concluding that an issue of material fact remained with respect to the promissory note since Johnson could not rely upon parol evidence to establish a valid defense to appellants' prima facie entitlement to judgment as a matter of law. *Brooks v. McCorkle*, 174 Ga.

App. 132 (329 SE2d 214) (1985).

Accordingly, the trial court also erred by not granting appellants' motion for summary judgment on the portions of Johnson's counterclaim which alleged bad faith in filing the lawsuit. Similarly, the remaining allegations of the counterclaim, which claimed that demand for payment on the note was improper, were without merit and it was error to deny appellants' motion on these claims. See generally *Stone v. First Nat. Bank of Atlanta*, 159 Ga. App. 812 (2) (285 SE2d 207) (1981). In light of our conclusion that summary judgment was improperly denied to appellants, we remand the case so that the trial court may make a determination on appellants' claims for interest, costs and attorney fees.

*Judgment reversed and case remanded with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 10, 1991.

*Murray & Merck, Oliver C. Murray, Jr., Vivian D. Hoard*, for appellants.

*Leroy R. Johnson, Mays & Washington, W. Roy Mays III*, for appellee.

