A94A2792. TEEL et al. v. TRUST COMPANY BANK.
(455 SE2d 312)

Smith, Judge.

Trust Company Bank brought suit against Charles H. Teel and Michael Lee Carter seeking payment of the debts of G. Steven Best d/b/a Georgia Financial Group, which the bank alleged were guaranteed by Teel and Carter. Teel and Carter answered, denying that they guaranteed the debts of Best or that they were indebted to the bank. The answer further stated that the bank had been "fully compensated by [Teel and Carter] to the extent that they may have guaranteed certain portions of Steven Best's debt to [it]." Cross-motions for summary judgment were filed, and the trial court granted that of the bank and denied those of Teel and Carter. Teel and Carter appeal from the order granting summary judgment to the bank.

The record shows that in uncontroverted affidavits submitted in opposition to the bank's motion for summary judgment and in support of their own motion, Teel and Carter stated that on April 16, 1992, after regular business hours, they met at the bank with a bank officer and a representative of Georgia Financial Group, Inc. They agreed at that time to partially guarantee a $5,000 addition to an existing note executed by Georgia Financial Group, Inc. in favor of the bank. The bank officer's secretary had left for the day, and the bank officer told Teel and Carter he would have the guaranty completed the next day according to the terms discussed that evening. The terms agreed to were that Teel would partially guarantee the additional loan up to the value of stock he owned, which had a value of approximately $1,000, and Carter would partially guarantee the $5,000 additional loan limited to the value of an automobile owned by him. Teel and Carter then signed the guaranty agreements in blank.

The guaranty agreements attached to the bank's complaint, on the other hand, show that Teel and Carter unconditionally guaranteed the monetary obligations of Georgia Financial Group, Inc. up to $10,000. The note attached to the complaint was signed by Steven Best in his capacity as president of Georgia Financial Group, Inc. In the complaint, the bank alleged that Best was "in bankruptcy and uncollectible." The complaint sought from Teel and Carter, jointly and severally, $9,213.19 principal plus interest at 12 percent, attorney fees and court costs.

Teel and Carter contend the trial court erred in granting the bank's motion for summary judgment because material issues of fact remain regarding the terms of the guaranty contracts they executed.

We agree and reverse.

As pointed out by the bank, it made out a prima facie right to judgment on the guaranty agreements by introducing documents properly authenticated by their custodian, which indicated Teel and Carter had executed unconditional guaranty agreements for $10,000. It also showed that although a corporation bearing the name Georgia Financial Group, Inc. existed, it was administratively dissolved on January 9, 1992, 11 months prior to the execution of the documents in issue, and had no apparent connection with the Georgia Financial Group apparently used by Best as a trade name. The burden then shifted to the defendants to establish their defense that they were not liable on the agreements they acknowledged signing, as alleged in their answer. See *Dixie Diners Atlanta v. Gwinnett Fed. Bank, FSB*, 211 Ga. App. 364, 366 (2) (439 SE2d 53) (1993).

Teel and Carter did this by filing affidavits in which they alleged they signed the agreements in blank and gave the bank officer authority to complete them according to terms to which they had agreed. Those terms differed materially from the terms appearing on the documents forming the subject matter of the lawsuit. They argue that under OCGA § 11-3-407 (1) (b), this constituted a material and fraudulent alteration, thereby discharging them under subsection (2) (a).

We need not address the issue created by the fact that in the guaranty agreements Teel and Carter guaranteed the debts of Georgia Financial Group, Inc., and not those of G. Steven Best d/b/a Georgia Financial Group; summary judgment was improper for a different reason. Contrary to the bank's argument, having been executed ancillary to a note, the guaranty agreements in issue are negotiable instruments. *Panasonic Indus. Co. v. Hall*, 197 Ga. App. 860, 861, n. 1 (399 SE2d 733) (1990); *Fidelity Nat. Bank v. Reid*, 180 Ga. App. 428, 429 (1) (348 SE2d 913) (1986). They are therefore governed by the provisions of OCGA § 11-3-407. That statute provides that "[a]ny alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in: . . . [a]n incomplete instrument, by completing it otherwise than as authorized." OCGA § 11-3-407 (1) (b). OCGA § 11-3-407 (2) (a) provides that "[a]lteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense." No question exists that if the alleged alteration was made, it was material. However, a question of fact remains as to whether the alteration was made. Moreover, even assuming it was made, as alleged by Teel and Carter, a question of fact remains whether it was also fraudulent.

The bank argues that Teel and Carter are precluded from asserting fraud because it is an affirmative defense and must be pleaded with particularity. It asserts that Teel and Carter waived this defense

when their answers were filed and did not raise the defense of fraud. However, even assuming the bank is correct regarding the nature of the defense, the bank did not object in the trial court to the introduction of this issue, which was presented by the affidavits of Teel and Carter.

"Failure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed. Under OCGA § 9-11-15 (b), when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection." (Citations and punctuation omitted.) *Bowers v. Howell*, 203 Ga. App. 636, 637 (417 SE2d 392) (1992). Having failed to object to the admission or consideration of the affidavits raising this issue in the trial court, the bank cannot now insist on appeal that Teel and Carter waived it and are precluded from raising the defense.

We also do not agree with the bank that the parol evidence rule bars evidence of this defense. It is well established that the rule prohibits oral representations to add to, take from, or vary a written contract only *in the absence of* fraud, accident, or mistake. See, e.g., *Citizens &c. Trust Co. v. Johnson*, 201 Ga. App. 464, 465 (411 SE2d 543) (1991). We therefore conclude that here, as in *First American Bank v. Bishop*, 239 Ga. 809 (239 SE2d 19) (1977) (where the same defense was raised on similar facts), issues remain for jury resolution that defeat the motions for summary judgment. The trial court erred in granting summary judgment to the bank. Id. at 810.

*Judgment reversed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1995.

*Michael A. Lewanski*, for appellants.
*Stokes, Lazarus & Carmichael, Marion B. Stokes, Richard J. Joseph*, for appellee.