A97A0281, A97A0282. KENERLY v. BRYANT; and vice versa.
(490 SE2d 454)

POPE, Presiding Judge.

Plaintiff Daniel B. Kenerly, who is a real estate broker, and defendant William T. Bryant, who is a real estate developer, were involved in numerous real estate transactions in the Atlanta area from late 1960 until the mid-1970s. As a result of a number of these transactions, Bryant signed at least 12 promissory notes payable to Kenerly. Some of these notes were signed by Bryant individually, and other notes were signed jointly with other individuals.

After not transacting any business with each other for a number of years, in 1985 Kenerly and Bryant began to engage in real estate transactions under the name of "K" Properties. The transactions involving "K" Properties centered around the assemblage of real estate in the area of the proposed Ronald Reagan Parkway in Gwinnett County, Georgia, in the hopes of later making a profit from the sale of such real estate. "K" Properties' hopes, however, did not come to fruition due to problems, including a sewer moratorium in the area.

It is undisputed that Bryant was the owner of an individual tract of property near the proposed Ronald Reagan Parkway prior to the formation of "K" Properties. After Gwinnett County purchased a portion of that property for approximately $329,000, Kenerly claimed that he was entitled to 50 percent of the proceeds Bryant received under an oral agreement existing between the parties. When Kenerly and Bryant were unable to reach an agreement regarding this matter, Kenerly filed suit against Bryant claiming entitlement to his portion of the proceeds and asking that an equitable trust be set up

regarding his alleged interest in the remainder of the tract of land. In his complaint, Kenerly also demanded payment on nine promissory notes. Later he amended his complaint so as to demand payment on 12 notes.

Bryant answered the complaint denying liability, and the case was eventually tried before a judge without a jury. At the conclusion of the trial, the trial court determined that no oral agreement existed between Kenerly and Bryant that would entitle Kenerly to part of the remaining land Bryant owned prior to the formation of "K" Properties, or to any portion of the proceeds Bryant had received from the sale of part of the land. As to the promissory notes, the trial court determined that collection on the earliest of the 12 notes was barred by the applicable statute of limitation.[1] The trial court also determined that two of the other notes had been paid by Bryant, but that the remaining nine notes had not, thus entitling Kenerly to payment on those nine notes. The trial court further concluded, however, that the doctrine of laches barred Kenerly from recovering any interest called for in the nine notes that accrued prior to his filing of the lawsuit.

Kenerly and Bryant both appeal the trial court's judgment in the case. Kenerly's appeal was docketed in this Court as Case No. A97A0281. Bryant's appeal was docketed as Case No. A97A0282.

### Case No. A97A0281

1. Kenerly's contention that the trial court erred in its determination that two of the twelve promissory notes had been paid by Bryant is meritless. In cases like this, where the trial court sits as the trier of fact, its findings of fact will not be set aside unless they are clearly erroneous. OCGA § 9-11-52 (a). *James F. Nelson, Jr. Family Limited Partnership v. Miller*, 267 Ga. 466, 467 (479 SE2d 737) (1997). And the trial court's factual findings and credibility determinations will be upheld on appeal if there is any evidence to support them. Id.; *Dudley v. Snead*, 250 Ga. 804, 805 (301 SE2d 480) (1983). In this case, the two notes in question were executed in favor of Kenerly with the payors listed on the notes as Kenerly, Bryant and another party. At trial, Bryant and this other party both testified to the effect that the notes had been paid or satisfied. And the only evidence Kenerly presented to rebut such testimony was his assertion that the notes had not been paid. Under such circumstances, we cannot say as a matter of law that the trial court's determination was

---

[1] Kenerly does not contest the trial court's determination that collection on the earliest of the promissory notes is barred by the statute of limitation. Therefore, the trial court's judgment as to that note is not at issue here.

clearly erroneous.

2. Kenerly contends that the trial court erred in applying the doctrine of laches thereby limiting the amount of interest Kenerly could recover on the nine notes the trial court determined were enforceable against Bryant. We agree. Kenerly's action to recover on the nine notes constitutes an action at law. " 'The equitable doctrine of laches is not applicable to [actions] at law. . . . (E)ven if the doctrine of laches could be invoked in [such actions], it could not be invoked during the period during which a statute of limitation would be applicable.' *Columbus Bank &c. Co. v. Dempsey*, 120 Ga. App. 5, 6 (169 SE2d 349) (1969)." *Virgil v. Kapplin*, 187 Ga. App. 206, 208 (4) (369 SE2d 808) (1988). Pursuant to OCGA § 9-3-23, actions to enforce notes under seal of the type at issue here may be brought within 20 years after the right of action accrues. In this case, Kenerly's action to collect on the nine notes in question was filed within the applicable period of limitation. And those notes all provide for interest from a set date at a set amount. Accordingly, we conclude the trial court erred in denying Kenerly's recovery of any interest on the notes accruing prior to the filing of his complaint.

3. Kenerly's contention that the trial court erred in determining that there was no enforceable oral contract between the parties which would entitle Kenerly to a portion of the proceeds from the sale of the land in Gwinnett County which Bryant owned prior to the formation of "K" Properties, or to a portion of the remainder of the property itself, is without merit. Such an agreement is unenforceable at law because it violates the Statute of Frauds. OCGA § 13-5-30 (4). And even if it could be enforced in equity, the trial court specifically found that no oral agreement existed in fact because there was no meeting of the minds between Kenerly and Bryant. See OCGA § 13-3-2. In this case, we see no clear abuse of discretion as to the trial court's finding of fact on this issue in light of Bryant's testimony that no oral agreement existed and Kenerly's own inability to provide specifics as to any alleged agreement. Absent any clear abuse of discretion, the trial court's judgment that no oral agreement existed and that no equitable trust could be imposed must be affirmed. *Miller*, 267 Ga. at 467.

## Case No. A97A0282

4. Because the trial court's determination that Kenerly was entitled to recovery on the nine notes mentioned above was supported by the undisputed existence of the notes themselves, and by Kenerly's testimony that the notes were for realty commissions that had never been paid, it cannot be said as a matter of law that there was no evidence to support the court's determination. And contrary to Bryant's

contention, the trial court properly precluded Bryant from introducing parol evidence concerning his contention that the parties had agreed orally that the notes would not be enforced. Although the terminology "for value received" in the notes creates an ambiguity that would support the admission of parol evidence regarding the existence of consideration, see *Building Assoc. v. Crider*, 141 Ga. App. 825, 827 (3) (234 SE2d 666) (1977), in this case, the parol evidence Bryant sought to have admitted did not contest Kenerly's claim that the notes were executed in lieu of Kenerly's real estate commissions, but rather sought to demonstrate the existence of contemporaneous oral agreements to the effect that the notes would never be enforced. The use of parol evidence for such a purpose is improper. See *C & S Trust Co. v. Johnson*, 201 Ga. App. 464, 465 (411 SE2d 543) (1991). Accordingly, the trial court's determination that Kenerly was entitled to recovery on the nine notes in question was proper. *Miller*, 267 Ga. at 467. Bryant's attempt to demonstrate payment of the notes through the introduction of numerous checks written to Kenerly does not demand a different conclusion in light of the fact Bryant failed to specifically tie any such checks to the notes in question.

5. In light of our holding in Division 2 of this opinion, we find no merit to Bryant's assertion that the trial court erred in failing to apply the doctrine of laches to bar Kenerly's recovery as to all the notes.

*Judgment affirmed in part and reversed in part. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 16, 1997 —
RECONSIDERATION DENIED JULY 30, 1997 — 

*Graydon W. Florence, Jr.*, for appellant.
*Thompson & Sweeny, Virgil L. Thompson, Jr.*, for appellee.