A10A0569. PEW et al. v. ONE BUCKHEAD LOOP
CONDOMINIUM ASSOCIATION, INC.
(700 SE2d 831)

MILLER, Chief Judge.

One Buckhead Loop Condominium Association, Inc. (the "Association") sued Stephen E. Pew as trustee of the GST Exemption Trust of Gladys W. Pew, Settlor (collectively, "Pew"), seeking judicial foreclosure of its lien against Pew's condominium unit (the "Unit") and for damages arising under the Georgia Condominium Act, OCGA § 44-3-70 et seq. (the "Act"), and the Association's governing documents (the "Declaration"). Pew removed the lawsuit to federal court, which court remanded the case to the trial court for lack of subject matter jurisdiction. The trial court thereafter granted the Association's motion for summary judgment, awarding it assessments of $93,122.72 (including assessed attorney fees of $78,132.96),[1] interest of $8,059.95, court costs of $82.50, and attorney fees of $10,620.14 incurred in litigation against the occupant of the Unit. On appeal, Pew contends that summary judgment in favor of the Association was error because the trial court (i) awarded damages in excess of those originally pled and authorized the recovery of amounts barred by judicial estoppel following remand from federal court, (ii) calculated its awards improperly, and (iii) abused its discretion in denying his motion to reopen discovery. Discerning no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App.

---

[1] At the trial court's hearing on its motion for summary judgment, the Association withdrew a special assessment of $50,000 which had been designated as a reserve for future attorney fees.

459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that the instant lawsuit, filed on June 26, 2008, is the third such suit filed by the Association against Pew to collect unpaid assessments, late charges, interest, court costs and attorney fees incurred in connection with his Unit from February 2008 forward as well as utilities consumed by his Unit which had not been paid since August 2007. The earlier lawsuits, one filed in 2006 (the "2006 case") and the other in 2007 (the "2007 case") were dismissed upon Pew's payment in full of amounts owing the Association at the end of each year. On September 26, 2008, Pew answered the instant lawsuit and counterclaimed, raising claims and defenses, including a demand for a set off for alleged overpayments in connection with the 2007 case. Nye Lavalle, acting as Pew's agent, verified Pew's answer and counterclaims. Lavalle, who is Pew's nephew, occupied the Unit and served as Pew's "'contact person' with the Association's employees." In a subsequent amended answer, Pew sought an accounting, claiming "the Association has failed to credit or has improperly credited sums paid on behalf of the Trust Unit."

On November 7, 2008, Pew filed a notice of removal of the instant case to the United States District Court for the Northern District of Georgia. Upon her review, the federal magistrate judge recommended that the case be "summarily **REMANDED**" to the trial court for lack of subject matter jurisdiction. On the Association's motion, without objection, the district court judge adopted the magistrate judge's recommendation, and, on January 15, 2009, remanded the case to the trial court.

While the foregoing litigation was proceeding, friction between Lavalle and the Association caused the Association to file petitions for protective orders in the trial court to prevent Lavalle from stalking Edward Jarrett and Joseph Grenuck, the Association's property manager and president, respectively. After a hearing, the trial court found that Lavalle's conduct violated Georgia law and placed Jarrett and Grenuck in reasonable fear for their safety. As a result, the trial court granted the petitions, issuing 12-month protective orders against Lavalle and ordering him not to come within 200 yards of Jarrett and Grenuck. Violations of these orders led the Association to file petitions for contempt as to each, which petitions the trial court granted on December 10, 2008. In doing so, the trial court made its original protective orders permanent, ordered Lavalle's arrest and incarceration for 20 days, and entered multiple injunctions against conduct which the trial court found to be violative of its protective orders.

1. Pew contends that the trial court erred in granting the Association summary judgment for damages greater than those the Association pled by its complaint, arguing that the additional dam-

ages sought upon the Association's motion were improperly awarded (i) as new claims not pled by supplemental pleading upon leave of court (OCGA § 9-11-15 (d)), and (ii) despite the judicial estoppel resulting from the Association's representation in federal court that the amount in controversy was less than $75,000. We disagree.

(a) It is undisputed that the Association did not seek leave of court to file supplemental pleadings pursuant to OCGA § 9-11-15 (d). In the circumstances of this case, however, we conclude that the trial court's grant of the Association's motion for summary judgment seeking damages which accrued after the date its complaint was filed implicitly approved an amendment thereof to such effect under OCGA § 9-11-15 (b).

OCGA § 9-11-15 (b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence would prejudice him in maintaining his action or defense upon the merits.* The court may grant a continuance to enable the objecting party to meet the evidence.

(Emphasis supplied.)

Here, Pew objected to the introduction of evidence showing the Association's accrued damages at the trial court's hearing on motion for summary judgment on the ground that the Association had not filed an amended complaint upon leave of court pursuant to OCGA § 9-11-15 (d). Given the broad authority of the trial court to amend the pleadings upon the trial of a case as emphasized above, we must determine if such authority may be exercised on summary judgment, and, if so, whether the trial court properly allowed an amendment of the pleadings in this case.

As to the first issue, it is well settled that the trial court may exercise its authority to amend under OCGA § 9-11-15 (b) on motion for summary judgment. See, e.g., *Decatur Auto Center v. Wachovia*

*Bank*, 276 Ga. 817, 818, n. 3 (583 SE2d 6) (2003); *Teel v. Trust Co. Bank*, 216 Ga. App. 493, 494 (455 SE2d 312) (1995). Regarding the remaining question, we note that on appeal, as he did in opposition to summary judgment and at the trial court's hearing on motion for summary judgment, Pew does not argue that he was prejudiced in his ability to defend against the Association's claims as to its accrued damages. Rather, he argues only procedural defect based upon the Association's failure to amend its complaint upon leave of court under OCGA § 9-11-15 (d). Moreover, in questioning counsel for Pew at the hearing on summary judgment, the trial court established that Pew had notice of the Association's claims of accrued damages against him and, except with respect to attorney fees, that he did not challenge them as owing in full as calculated by the Association.

Given that Pew has neither pled nor argued prejudice in asserting his objection to the amendment of the pleadings on motion for summary judgment, the trial court did not abuse its discretion upon implicitly allowing the amendment by granting the Association summary judgment on its motion as pled. OCGA § 9-11-15 (b); see *Kace Investments v. Hull*, 278 Ga. App. 477, 481 (1) (a) (629 SE2d 26) (2006) ("The trial court has always had wide discretion to allow an amendment, and unless there is a manifest abuse of that discretion, this Court declines to interfere."). Any conclusion to the contrary would be to elevate form over substance contrary to the legitimate interests of judicial economy and fundamental fairness. This we decline to do. See OCGA § 9-11-8 (f) ("All pleadings shall be so construed as to do substantial justice.").

(b) Nor is there merit in Pew's claim that judicial estoppel operates to limit the Association's entitlement to damages for unpaid assessments to $75,000 based on representations before the federal magistrate judge regarding the amount in controversy.

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. . . . [The purpose of judicial estoppel is] to protect the integrity of the judicial process, by prohibiting parties from deliberately changing positions according to the exigencies of the moment. Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion.

(Citations and punctuation omitted.) *New Hampshire v. Maine*, 532

U. S. 742, 749 (II) (121 SC 1808, 149 LE2d 968) (2001).

The record shows that the Association moved to remand the instant case from federal court on the ground that Pew's notice of removal was untimely filed. Finding that Pew failed to show that the amount in controversy exceeded $75,000, the federal magistrate judge, without addressing the merits of the Association's timeliness argument, recommended that the case be remanded to the trial court for lack of subject matter jurisdiction. The Association thereafter moved the district court to adopt the magistrate judge's recommendation, again asserting that Pew's notice of removal was untimely filed. The district court thereafter remanded the case to the trial court. Nothing of record shows that the Association made any representation in the district court that its claims would never exceed $75,000.

Given the foregoing, we find that the trial court did not abuse its discretion in determining that judicial estoppel did not bar the Association's recovery of damages in excess of $75,000 on summary judgment. *New Hampshire*, supra, 532 U. S. at 749 (II).

2. Pew challenges the amounts awarded on summary judgment, arguing that the trial court erred (i) in disallowing a set off of $11,537.92, the amounts paid the Association in the 2006 and 2007 cases, against any assessments awarded the Association upon finding an accord and satisfaction between the parties as to such amounts, and (ii) in awarding the Association attorney fees incurred in its litigation for protective orders in addition to those incurred in this case.[2]

(a) Pew's own affidavit opposing the Association's motion for summary judgment shows that he paid "all" amounts alleged to have been owed to the Association and that the Association dismissed the 2006 and 2007 cases as a result. Thus, the trial court erred in finding an accord and satisfaction foreclosing a set off in this case of the amounts paid in the 2006 and 2007 cases. See *Habachy v. Ga. Health Group*, 207 Ga. App. 288 (427 SE2d 808) (1993) (finding accord and satisfaction upon the debtor's tender of "*less than the amount claimed upon the condition, express or implied, that it satisfied the entire debt*") (emphasis supplied). We nevertheless find that the voluntary payment doctrine as to such payments foreclosed the set off at issue.

"[U]nder the express terms of OCGA § 13-1-13, the voluntary

---

[2] Pew also claims that the trial court's award of attorney fees was premature and that its award for late fees, interest, and court costs was improper because a positive balance existed as to each at the time of their imposition. Inasmuch as Pew fails to support these claims of error by citation of authority, reference to the record, and reasoned argument, we deem them abandoned on appeal. Court of Appeals Rule 25 (c) (2).

payment doctrine has no application where the payment is induced by misplaced confidence, artifice, deception, or fraudulent practice on the part of the person to whom the money is paid." (Punctuation and footnote omitted.) *Energy & Process Corp. v. Jim Dally & Assoc., Inc.*, 291 Ga. App. 772, 774 (1) (662 SE2d 835) (2008). It is settled that

> a payment is not made under compulsion or duress, but will be treated as voluntary, unless the party making payment does so to prevent the immediate seizure of his goods or the arrest of his person. . . . Furthermore, the doctrine appears to be that if the law affords to the person from whom the payment is exacted an immediate and adequate remedy to resist payment, he can not be said to have acted under compulsion, if, neglecting to avail himself of such remedy, he elects to make the payment demanded of him.

(Citations and punctuation omitted.) *Darby v. City of Vidalia*, 168 Ga. 842-843 (149 SE 223) (1929). Moreover, "[t]he party seeking to recover payment bears the burden of showing that the voluntary payment doctrine does not apply." (Punctuation and footnote omitted.) *Energy & Process*, supra, 291 Ga. App. at 775 (1).

Here, it is undisputed that Pew made the payments in issue voluntarily in lieu of pursuing the 2006 and 2007 cases. Accordingly, summary judgment in favor of the Association foreclosing a set off of the amounts paid in such cases in the instant collection action was not error. A judgment right for any reason may be affirmed. *Freeman v. Brandau*, 292 Ga. App. 300, n. 2 (664 SE2d 299) (2008).

(b) Pew contends that the trial court erred in awarding attorney fees in this case which the Association incurred in its litigation seeking protective orders, arguing that it was impermissible to assess such fees pursuant to OCGA § 44-3-109 (b) (3). We are not persuaded.

By its motion for summary judgment supported by the affidavit of the Association's counsel and that of Jarrett, the Association sought its reasonable attorney fees not only under OCGA § 44-3-109 (b) (3)[3] but also under OCGA § 44-3-80 (b) (2).[4] Specifically, the

---

[3] OCGA § 44-3-109 (b) (3) provides:

To the extent that the condominium instruments provide, the personal obligation of the unit owner and the lien for assessments shall also include: . . . The costs of collection, including court costs, the expenses of sale, any expenses required for the protection and preservation of the unit, and reasonable attorney's fees actually incurred[.]

[4] OCGA § 44-3-80 (b) (2) provides:

To the extent that the condominium instruments expressly so provide: . . . Any

Association sought to recover fees and expenses incurred in the instant collection action of $10,620.14 pursuant to OCGA § 44-3-109 (b) (3) and those allowable as a special assessment against the Unit for expenses occasioned by the conduct of Unit occupant Lavalle of $78,132.96 under OCGA § 44-3-80 (b) (2). Pew does not argue that the amounts set forth in Jarrett's affidavit are calculated incorrectly or that they have been paid. Instead he argues that he is entitled to an offset for the amounts he overpaid in the 2006 and 2007 cases. These arguments are barred by the voluntary payment doctrine, as above.

Further, since the Declaration expressly authorized the recovery of the foregoing assessed fees,[5] the award of attorney fees incurred in the instant case and those incurred in the 2006 and 2007 cases for protective orders was not error. See *McCarter v. La Hacienda Condo. Assn.*, 255 Ga. App. 68, 70 (2) (564 SE2d 483) (2002) (finding attorney fees recoverable in condominium collection cases); see also *Museum Tower Condo. Assn. v. The Children's Museum of Atlanta*, 297 Ga. App. 84, 86-87 (676 SE2d 448) (2009) (affirming enforcement of special assessment provisions of Declaration).

3. Finally, we conclude that the trial court did not abuse its discretion in denying Pew's motion to reopen discovery because the record shows that Pew made no effort to engage in discovery in the six-month discovery period under Uniform Superior Court Rule 5.1. "On appeal, we affirm a court's ruling on discovery matters unless the court clearly abused its discretion." (Footnote omitted.) *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68, 71-72 (2) (599 SE2d 20) (2004).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 12, 2010 —
RECONSIDERATION DENIED JULY 30, 2010 — 

---

other common expenses occasioned by the conduct of less than all of those entitled to occupy all of the units or by the licensees or invitees of any such unit or units shall be specially assessed against the condominium unit or units, the conduct of any occupant, licensee, or invitee of which occasioned any such common expenses[.]

[5] Paragraphs 11 (b) and (c) of the Declaration authorized assessments as follows: All [annual, special, and specific] assessments, together with charges, interest, costs, and reasonable attorney's fees actually incurred . . . shall be a charge on the Unit and shall be a continuing lien upon the Unit against which each assessment is made. . . . All assessments and related charges not paid on or before the due date shall be delinquent, and the Owner shall be in default.

Paragraph 9 (b) (ii) of the Declaration authorized as a specific assessment: "Any Common Expenses occasioned by the conduct of less than all of those Units or by the Occupant(s), licensees, or invitees of any such Unit or Units. . . ."

*Ellenberg, Ogier & Rothschild, William L. Rothschild, Stephen H. Robinson*, for appellants.

*Louis Levenson, Derek W. Johanson, Dylan Littlejohn*, for appellee.