**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 30, 2016**

# In the Court of Appeals of Georgia

A16A0464. CITY HEIGHTS CONDOMINIUM ASSOCIATION, PE-020
    INC. v. BOMBARA, ET AL.

PETERSON, Judge.

Following a bench trial, City Heights Condominium Association, Inc. ("City Heights") appeals from the trial court's dismissal of its counterclaim in which it sought to collect on an assessment of litigation fees and costs against former association members, John and Laura Bombara (the "Bombaras"), who had unsuccessfully sued the association. City Heights argues the trial court erred in a variety of ways. But we do not reach City Heights' arguments, because they all rest on the faulty premise that City Heights had the legal and contractual right to assess the litigation costs against the Bombaras. Because City Heights did not have this right, we affirm the trial court's dismissal of the counterclaim.

In nonjury trials, "[f]indings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52(a). "The 'clearly erroneous' test is the 'any evidence' rule. If there is any evidence to support the findings of fact by a trial court sitting without a jury, then the appellate court affirms without interference with or disturbing such factfindings. We construe the evidence in favor of the judgment." *Claxton Enter. v. Evans Cnty. Bd. of Comm'rs*, 249 Ga. App. 870, 870 (549 SE2d 830) (2001) (citation omitted). Viewed in this light, the record reveals the following:

The Bombaras owned a unit that was part of City Heights. Like the other unit owners, they entered into a contract with City Heights that outlined their rights and responsibilities ("the declaration"). The declaration empowered City Heights to assess the unit owners for common expenses. Although the default form of assessment was to assess all owners in accordance with the unit's interest in the community's common property areas, when common expenses were "occasioned by the conduct of less than all" the unit owners, the declaration empowered City Heights to assess those expenses against only the units responsible.

Prior to the events that sparked this litigation, Laura Bombara's relationship with City Heights was sufficiently rocky that the president of the association kept a

2

binder of all of the association's dealings with her. In October 2012, in the context of that troubled relationship, the Bombaras — through counsel — began alleging that their unit had mold. City Heights had the Bombaras' unit tested for mold, and concluded that their allegations were meritless. City Heights' counsel wrote the Bombaras' counsel informing him that, if the Bombaras sued, City Heights would rely on the declaration's special assessment provision to assess against the Bombaras any expenses incurred in the defense of the lawsuit.

In December 2012, the Bombaras sued City Heights and its property management company for claims associated with alleged mold contamination in their condominium and common area of the unit. City Heights counterclaimed for the costs of defending itself and the property management company in the litigation under the special assessment provision of the declaration. The trial court granted summary judgment to City Heights and the property management company on their defense of the claims brought by the Bombaras. We upheld the trial court's grant of summary judgment in an unpublished opinion, and remanded the case for resolution of City Heights' counterclaim.

City Heights then filed a motion for attorneys' fees under OCGA § 9-15-14. The trial court granted City Heights attorneys' fees under OCGA § 9-15-14 with

3

respect to one of the Bombaras' claims (on which, the court said, they failed to present any competent evidence), but denied the motion as to the other claims, noting evidence in the record regarding mold issues.

Following City Heights' presentation of evidence in support of its counterclaim, which included testimony from its lawyer regarding the total amount of litigation fees and costs due for the special assessment, the Bombaras moved for dismissal under OCGA § 9-11-41(b) on the basis that City Heights had not shown any right to relief. In particular, the Bombaras argued City Heights' position meant the association would be able to assess defense costs whether it wins or loses, which the Bombaras' counsel called "a very, very strange result." The trial court reserved judgment on the motion, and after hearing the Bombaras' evidence, granted the dismissal on several grounds, including that the plain language of the declaration and OCGA § 44-3-80(b)(2) did not authorize the trial court "to issue judgment for unassessed attorney's fees and costs under these circumstances." This appeal followed.

4

1. City Heights argues the trial court erred in a number of ways in dismissing its counterclaim for an assessment of defense costs.[1] However, each argument advanced by City Heights in support of its appeal assumes that, in this case, an assessment for defense costs is proper in the first instance. We find that it is not and affirm the dismissal of City Heights' counterclaim.

City Heights argues that it should be able to collect its defense costs as a special assessment because the declaration provides that it may specially assess "[a]ny Common Expense occasioned by the conduct of less than all of those entitled to occupy all of the Units[.]" The declaration defines a "Common Expense" as "the expenses incurred or anticipated to be incurred by the Association for the general benefit of the Condominium, including, but not limited to, those expenses incurred for maintaining, repairing, replacing, and operating the Common Elements and as required under the Reciprocal Easement Agreement."

---

[1] City Heights argues the trial court erred in concluding an agreement signed by City Heights and the Bombaras waived City Heights' right to assess defense costs, a special or specific assessment could only be against a unit and not the owners personally, the assessment never fell due under the parties' agreement, and that as a result of City Heights removing the fees and costs from the association's ledger, such amounts were no longer an assessment owed by the Bombaras.

OCGA § 44-3-80(b)(2) allows for "[a]ny other common expenses occasioned by the conduct of less than all of those entitled to occupy all of the units or by the licensees or invitees of any such unit or units" to be specially assessed "against the condominium unit or units, the conduct of any occupant, licensee, or invitee of which occasioned any such common expenses" to the extent provided in the condominium instruments. *See* OCGA § 44-3-80(b)(2). City Heights argues that it should be able to specially assess the defense costs incurred in defending the Bombaras' lawsuit under the provision of the declaration that parallels this statute, and cites as authority our decision in *Pew v. One Buckhead Loop Condo. Ass'n., Inc.*, 305 Ga. App. 456 (700 SE2d 831) (2010). In *Pew*, we held that the statute allowed an award of attorneys' fees as a special assessment. 305 Ga. App. at 462 (2). But in *Pew*, the condo association incurred attorneys' fees as a result of having to obtain and enforce a protective order against the condo's occupant for stalking the association's property manager and president. 305 Ga. App. at 457. There, the stalking was the conduct that occasioned the expenses; the association's decision to seek a protective order necessarily resulted from the occupant's dangerous actions. There is no equivalent conduct here; rather, the conduct City Heights points to as triggering its authority to impose the assessment is the Bombaras "filing their meritless action" against City

6

Heights. But City Heights has already obtained a judgment under OCGA § 9-15-14 for the money to which it was entitled to as a result of having to defend against a claim the trial court determined "lacked substantial justification." The Bombaras' remaining claims, while not ultimately successful, were sufficiently justified that the trial court did not penalize the Bombaras for bringing them.

City Heights' argument that the Bombaras' lawsuit was conduct that occasioned common expenses misreads both *Pew* and the declaration. The declaration allows City Heights to recapture costs — in the form of a special assessment — resulting from conduct of less than all of the unit owners. This necessarily means that the conduct of the unit owner against whom the assessment is imposed must be the cause of the common expense, and that no conduct of the association itself or any other owners also caused the expense. This provision in the declaration provides an avenue for the association to recoup the money it had to spend from the party responsible for the incursion of that expense in the first place. But here we cannot say the Bombaras' lawsuit resulted solely from their conduct without reference also to the conduct of City Heights. The Bombaras' claims were based on the conduct[2] of City

---

[2] Black's Law Dictionary defines conduct as "[p]ersonal behavior, whether by action or inaction[.]" *Black's Law Dictionary* (8th ed. 2004).

7

Heights with respect to its response to and management of various mold and moisture issues, and therefore were not occasioned solely by the conduct of the Bombaras.[3] Accordingly, we affirm the trial court's dismissal of City Heights' counterclaim.

2. Because of the result reached in Division 1 above, we need not address City Heights' remaining enumerations of error.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

---

[3] The implications of City Heights' argument that it is entitled to collect its entire defense costs because it incurred them as a result of the Bombaras filing suit also gives us pause. Under our legal system, the American Rule by which each party is responsible for their own attorneys' fees and litigation expenses generally applies unless there is some statutory or contractual exception. *See Smith v. Baptiste*, 287 Ga. 23, 28 (1) (694 SE2d 83) (2010); *Williams v. Binion*, 227 Ga. App. 893, 893 (1) (490 SE2d 217) (1997). For example, where a party believes that it is entitled to collect attorney fees for having to defend itself against a frivolous suit, OCGA § 9-15-14 can provide a statutory avenue for recovery. *See* OCGA § 9-15-14. In effect, City Heights is arguing for something more than even the English rule (whereby the losing party pays the winner's reasonable legal fees) provides — that is, an ability to recoup legal expenses wherever a condo owner's conduct in filing suit causes the condo association to incur defense costs. By this reasoning, if the common expenses provision of the declaration were to be interpreted as City Heights argues, then even in a meritorious lawsuit brought by a condo owner, City Heights would still be able to seek its defense costs and theoretically even the amount of a judgment against it from the winning party. But given our holding that the text of the declaration does not allow the assessment at issue here, we need not consider the implications of the principle that City Heights proposes.