MILBURN & COMPANY v. DAVIS & TATNALL.

1. The plaintiffs having declared upon a contract for the entire loading of a vessel, alleged to have been made with them by a named person acting for and in behalf of the defendants, an amendment alleging that the defendants were liable upon another and distinct contract for a partial loading of the vessel, made for defendants by another person authorized to contract for and bind them, set up a new and distinct cause of action, and should have been rejected.

2. The amendment having been improperly allowed, and the evidence not supporting the original declaration, the verdict was contrary to law and the evidence, and the court erred in refusing a new trial.        *Judgment reversed.*

March 27, 1893.  By two Justices.  Argued at the last term.

Action on contract.  Before Judge SWEAT.  Glynn superior court.  December term, 1891.

Davis & Tatnall, stevedores, sued Milburn & Company, owners of the steamship Tiverton, for services in storing cotton in the vessel.  A verdict in favor of the plaintiffs was rendered.  The defendants excepted to the allowance of an amendment to the declaration, and to the denial of a new trial.  The declaration alleged, that plaintiffs were engaged by one Symmons to store and place on board the vessel a cargo of compressed cotton to be transported from Brunswick to Liverpool, which agreement was not in writing; that in making the contract Symmons was acting for the owners of the vessel, and had authority to bind them for the employment of stevedores whose services were necessary in storing the cotton in order to enable the vessel to carry out her voyage and to earn her freight money, without which neither could have been done; and that the plaintiffs entered upon the performance of the agreement, stored a considerable quantity of the cotton for which they were paid,

and stored 5,194 bales for which no payment was made them, the amount agreed upon for their services being thirty-five cents per bale.

After one of the plaintiffs had been introduced as a witness and his testimony partly delivered, the plaintiffs offered an amendment, alleging that, having entered into the contract with Symmons and he having failed and refused to pay for the loading of the cotton, the plaintiffs declined to go on further with the loading of the vessel; whereupon the master of the vessel entered into a contract with them whereby to enable him to carry out his contract of loading and to earn his freight money, and to avoid demurrage and delay, he agreed for and on behalf of the ship-owners, that from that date and for all cotton subsequently loaded he would pay the stevedore charges to plaintiffs, which they insist he had a right to do in the exercise of his duties as master, and bind the steamship and the owners. To this amendment the defendants objected because: (1) It was inconsistent, at variance with and in contradiction of the allegations of the declaration. (2) It set out a suit upon a contract made subsequently to the one declared on originally, and with another and independent person different from him with whom the contract sued upon was alleged to have been made. (3) It set up a new and independent cause of action altogether different from the one sued on.

CROVATT & WHITFIELD, for plaintiffs in error.

GOODYEAR & KAY and SYMMES & BENNET, by J. H. LUMPKIN, *contra*.