SWEAT *v.* HENDLEY *et al.*, and *vice versa.*

1. Where an equitable petition was filed, seeking specific performance of a parol contract to convey a tract of land, alleging possession and improvements made by the plaintiffs thereon, an amendment was properly allowed which alleged that the land included in the contract was inadvertently misdescribed in the original petition, and that instead of being the east half of a certain lot, containing 245 acres, more or less, it included the entire lot, containing 490 acres, more or less.

2. Where a husband and wife alleged that the defendant had contracted with them jointly to convey a certain lot of land, and that they had taken possession of it and placed permanent improvements upon it, and prayed that he be required to execute a deed to them, and the defendant denied the existence of such a contract, it was error for the court to charge that the wife claimed one half of the lot and the husband the other half, and to submit to the jury separately the rights of the two as to the respective halves.

3. This is true although there was some evidence indicating that the wife's claim against the defendant originated on account of services rendered to him, or on account of her interest in other lands, and that in connection with this claim the defendant agreed that if the husband would buy the tract of land in dispute and pay the expenses incident to the purchase, he would make them both a deed, and that the purchase was made, possession

taken, and improvements made accordingly, and although the defendant testified that the husband had no connection with the purchase of one half of the lot and only acted for him as a matter of accommodation in making inquiry as to the other, and although the defendant expressed a willingness to make a deed to the wife conveying a life-estate on account of her services or interest in the other tract of land.

Argued May 23, — Decided June 15, 1905.

Petition for specific performance. Before Judge Mitchell. Berrien superior court. January 6, 1905.

J. L. Hendley and his wife, Mrs. Julia Hendley, brought their equitable action jointly against J. W. Sweat, seeking to compel a specific performance of an alleged contract to make a conveyance of land to them. It was alleged that the wife had worked for Sweat, who was her brother, and that he promised to remunerate her, and asked if she would prefer money or land, to which she replied that she would prefer land; that this conversation occurred in the presence of the husband, and thereupon the defendant told the husband that if he would find a good place and make the purchase and pay all the expenses connected therewith, the defendant would take the timber for himself and make a deed to the land to both the husband and wife; that the purchase of the land involved in the controversy was made accordingly, and the defendant placed the plaintiffs in possession; that they had spent much time, work, and money in improving the land, placing buildings upon it and clearing up a part of it; that the defendant took the deed to himself in order that he might sell the timber, which he had done; and that the plaintiffs had since occupied the land and paid the taxes, but the defendant refused to make them a conveyance. They prayed that they be decreed to be the lawful owners of the land, and that the defendant be required by decree to make them a warranty deed in fee simple to it. As originally brought, the petition described the land in regard to which the contract was alleged to have been made as being the east half of lot No. 7 in the 10th district of Berrien county, containing 245 acres, more or less. The plaintiffs amended their petition, "in order to correct a defect inadvertently made therein," by alleging that the land which the defendant agreed to convey included all of lot No. 7, containing 490 acres, more or less, instead of one half thereof as originally al-

leged. This was objected to on the ground that it set up a new and distinct cause of action. The objection was overruled, and an exception pendente lite filed and recorded. In the main bill of exceptions error is assigned upon it.

The defendant denied the contract alleged by the plaintiffs, but alleged, that he had bought the land referred to in the petition and had allowed the plaintiffs to go into possession of it under him, with the expectation that at some future time he would give to Mrs. Henley, who was his sister, a deed conveying a life-estate in it, in order that she might have a good home as long as she lived; that he never contracted to make a warranty deed; that she had lived in the family first with her mother, and after the death of the latter with the defendant, and had worked, and the place had been bought by the joint efforts of all the family; that after her marriage he agreed to pay her $100 for her interest in the place referred to, but it was understood that if he made her a deed conveying the place where she has since resided, for her life, he was not to pay her the $100; that the improvements the plaintiffs had made were small, if any, and would not amount to the value of the place for rental while they occupied it.

The jury found that the defendant should execute to Mrs. Julia Hendley a warranty deed to the west half of the lot of land upon which she resided, and that the defendant should retain the east half of the lot in question. The plaintiffs and the defendant each moved for a new trial. Both motions were overruled. The defendant filed a bill of exceptions, and the plaintiffs file a cross-bill.

*Alexander & Gary* and *W. H. Griffin,* for Sweat.
*R. A. Hendricks,* contra.

LUMPKIN, J. (After stating the foregoing facts.) 1. In ejectment or complaint for land mere inaccuracies of description may be corrected by amendment, but the declaration can not be so amended as to sue for another tract or parcel of land, not included in the original suit. This would be to add a new and distinct cause of action. But the present action is not ejectment or complaint for land. It is an equitable proceeding to compel specific performance of a contract to convey land. It would not be competent to add by amendment another distinct

contract to convey other land, and to seek its enforcement in addition to or instead of the contract originally relied on. *Milburn* v. *Davis*, 92 *Ga.* 362. But if the original contract was misdescribed or erroneously set out, it could be corrected by amendment. The action would still be predicated on the same contract. It would still be an effort to compel specific performance of that contract. Mere correction of a misdescription of the terms of a contract or of the land covered by it would not be adding a new and distinct cause of action. The amendment was, therefore, properly allowed. Civil Code, §§ 5097, 5098; *City of Columbus* v. *Anglin*, 120 *Ga.* 785; *McDougald* v. *Williford*, 14 *Ga.* 665.

2, 3. The presiding judge charged, in effect, that the wife claimed one half of the lot for services rendered the defendant, or for her interest in other land, and that if this were true, and she went into possession under a promise of the defendant to make her a deed, and by her labor and expenditure of money had made valuable improvements, the jury should find in her favor as to that part of the property; also that the husband contended that he was entitled to have a deed from the defendant to the other half of the lot, and that if the contentions of this plaintiff on the subject were correct, the jury should find for him as to that half. From the verdict rendered it would seem that these charges exercised a strong influence upon the minds of the jury, since they found for the wife as to one half of the lot, and for the defendant as to the other half. All parties to the litigation are dissatisfied with the charge, on the ground that it did not correctly state the contentions of the parties, and with the verdict of the jury. All contend that the verdict should have been in favor of the plaintiffs jointly, or in favor of the defendant. We think that this combined attack upon the charge and the verdict must prevail. The plaintiffs sought to obtain specific performance of an alleged contract made between the defendant and them jointly. They desired to stand or fall on the right, asserted in their pleadings, to have the conveyance made to them jointly. The defendant did not set up any ground for separating the parties plaintiff, but denied flatly the contract on which their claim was predicated. His mere expression of willingness to convey a life-estate to his sister, not ac-

ceded to by the plaintiffs, did not serve as a basis for a verdict in her favor separately, finding that a conveyance in fee simple should be made to her as to one half of the land.    There was nothing in the pleadings authorizing the charge stated above, or the verdict of the jury.    See, on this subject, *Lake* v. *Hardee*, 57 *Ga.* 460 (4); *Rhodes* v. *Hart*, 51 *Ga.* 320 (3); 2 Story's Eq. Jur. (13th ed.) 934, § 770 (a).

*Judgment reversed.    All the Justices concur, except Simmons, C. J., absent.*