## 15516.   COUNCIL *v.* WILSON.

From the petition as amended it appears that a sale of the entire property and not merely of the undivided half interest of the defendant, the sole signer of the contract sued upon, was contemplated by the contract, which states, "We have this day sold the property known as the Barlow block, . . being all of the property we own located in that block," and "the purchase price at which we agree to sell the above-described property is" a named sum, and "the above is subject to approval of" the other joint owner, who, it is alleged, declined to approve of the sale on the terms stated. An action based on the theory of a sale of the defendant's undivided half interest alone was not maintainable; and the court properly sustained the demurrer and dismissed the suit.

DECIDED JUNE 10, 1924.

Action for breach of contract; from city court of Americus— Judge Harper. February 18, 1924.

C. M. Council sued F. A. Wilson and Mrs. Anna Pryor for damages on account of the breach of a contract for the sale of certain realty, alleging that each defendant owned a half undivided interest in the property. The alleged contract is as follows: "We have this day sold the property known as the Barlow block located on Jackson street in Americus, Ga., to C. M. Council, being all of the property we own located in that block. Receipt of one hundred dollars is hereby acknowledged as part payment. The purchase price at which we agree to sell the above-described property is sixty thousand dollars clear of all indebtedness, except as stated below. [Then follow terms of payment and reference to a loan assumed.] This transaction is to be closed up as soon as title has been examined and found satisfactory. The above is subject to approval of Mrs. Anna W. Pryor. (Signed) F. A. Wilson." Plaintiff alleged, "that Mrs. Anna Pryor declined to approve of the sale of said property on the terms stated in said writing," but made a proposition of sale to him; and that at a later date plaintiff, through his attorney, accepted Mrs. Pryor's proposition, but she declined, stating that she had received a better offer for the property before she was notified of his acceptance of her proposition. By amendment Mrs. Pryor was stricken as a party defendant, and it was alleged that Wilson was liable individually for a breach of the contract of sale. By a second amendment it was alleged that Wilson entered into an agreement with Mrs. Pryor that neither he nor she would sell their interests in the property without the consent and approval of the other, and

that Wilson declined to sell his individual interest to plaintiff, stating as his reason therefor that Mrs. Pryor did not give her approval. Plaintiff alleged that Mrs. Pryor and Wilson sold the property to another party, and that in so doing Wilson breached his contract with plaintiff. The court sustained a demurrer to the petition as amended, and dismissed the suit.

*R. L. Maynard,* for plaintiff.  *W. W. Dykes,* for defendant.

BLOODWORTH, J.  (After stating the foregoing facts.)

As to the amendment alleging that Wilson made an agreement with Mrs. Pryor that neither would sell without the approval of the other, the record shows that Wilson proceeded along this line in the very beginning of his negotiations with the plaintiff, and the alleged contract of sale shows this on its face. No other specific acts are alleged which would show that Wilson interfered with or prevented Mrs. Pryor from selling the property.

The suit as originally filed was against Wilson and Mrs. Pryor, and alleged that the contract was for the sale of the entire property. As amended it was against Wilson only, and alleged that the contract was for the sale of Wilson's individual half interest in the property. The latter allegation is entirely inconsistent with the former. See Civil Code (1910), § 5683; *Milburn* v. *Davis,* 92 *Ga.* 362 (1) (17 S. E. 286). To be a contract for the sale of realty the description in the writing was extremely meagre. While the consideration to be paid for the land is set out, the writing shows no consideration for the contract of sale. Except by implication, the petition does not even allege that the plaintiff offered to buy Wilson's interest only. On the contrary, it appears that the negotiations contemplated a sale of the whole title and interest in and to the property involved. No *legal* tender of the purchase price was made by the plaintiff. The failure of Mrs. Pryor to approve the terms of sale released Wilson, under the specific terms of the writing. It is apparent from the above that a case for specific performance of this alleged contract could not be made out, and, this being true, a suit for damages for a breach of such contract could not be maintained. "In order to recover damages in lieu of specific performance, it is essential that a case for specific performance be made out." *Tippins* v. *Phillips,* 123 *Ga.* 416 (51 S. E. 410).

The entire cause of action is based upon the writing attached

to the petition, which alleges: "Your petitioner contracted for the purchase of said Barlow block above described, *as evidenced* by a writing signed by F. A. Wilson Sr., a copy of which is hereto attached and marked Exhibit A." In the first place, the alleged contract throughout contains the personal pronoun "we;" which shows on its face that it was contemplated that it be signed by Wilson and Mrs. Pryor. Mrs. Pryor never did sign it, and no one signed it for her or purported to have authority to sign it for her. In the second place, such description of the property as is given in the alleged contract of sale is of the entire "Barlow block, . . being *all* of the property *we* own located in that block;" which shows that the entire property, and not merely Wilson's half interest in it, was to be sold if any at all was to be sold. In the third place, the alleged contract distinctly provides in plain and unambiguous terms that "the above is *subject to the approval* of Mrs. Anna Pryor." (Italics ours.) This being true, Wilson would not be bound under any circumstances unless Mrs. Pryor approved it; and he would not be bound even had the writing contemplated that he sell his own interest only.

Since the pleadings show on their face that the plaintiff's cause of action was based on this writing, that the written proposition was not binding unless Mrs. Pryor approved it, that Mrs. Pryor never did approve it, and there was no allegation to that effect, and that Wilson never agreed to sell his half only, the cause of action must fall, and the trial judge, therefore, properly sustained the demurrer and dismissed the suit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*