## CHAPMAN *v.* CASSELS COMPANY.

No. 10364.   February 16, 1935.

*M. Price,* for plaintiff in error.

*Walter W. Sheppard* and *Hitch, Denmark & Lovett,* contra.

Beck, Presiding Justice. (After stating the facts.)

■ The motion for new trial contains only the general grounds; and this court is of the opinion that the evidence authorized the verdict in favor of the plaintiff.

■ The grounds of demurrer to amendment of the petition were: (1) Because the amendment seeks to reform a deed in the same action wherein the deed sought to be reformed is relied on as a basis of title to the lands in question; the original suit, now sought to be amended, having been brought on the theory that the plaintiff was the owner of the lands by virtue of a sale under power contained in the deed to secure debt relied on the original action. (2) Because there is no authority for the reformation of a contract, or deed, in the same action wherein it is sought to give effect to the terms of the proffered contract or deed, as in this case.

There is no merit in these contentions, and the demurrer was properly overruled. In *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402), it was said: "In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. Civil Code [1910], § 4567; *Rogers* v. *Atkinson,* 1 *Ga.* 12; *Wyche* v. *Greene,* 16 *Ga.* 49; *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642); *Kelly* v. *Hamilton,* 135 *Ga.* 505 (69 S. E. 724); *Fambrough* v. *DeVane,* 138 *Ga.* 47 (74 S. E. 762); *Kight* v. *Gaskin,* 139 *Ga.* 379 (77 S. E. 390); *Mason* v. *Cobb,* 148 *Ga.* 469 (96 S. E. 1042). 'In every case under this head of the law, the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? Is it their agreement? If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true bargain between the parties. And it is wholly immaterial from what cause the defective execution of the intent of the parties originated.' *Wyche* v. *Green,* supra. In such cases the negligence of the party complaining will not defeat his right to reformation, if the other party has not been prejudiced thereby. The Civil Code declares: 'The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby.' § 4571. In the case at bar the defendant will not be prejudiced by the reformation of this instrument so as to make it speak the true contract between him and the plaintiff. If he gets what he bought, then he can not be hurt by reforming the instrument so as to keep him from getting what he did not buy." In *Fambrough* v. *DeVane,* 138 *Ga.* 47 (74 S. E. 762), it was held: "Where personal property is sold, and a bill of sale with warranty of title is executed by the vendor, and the property is again sold with warranty title, the last vendee and his vendor may join in an equitable petition against the original vendor, having for its purpose the reformation of the original bill of sale by including certain items of property omitted therefrom by mutual mistake." "If the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto." Code of 1910, § 4567. "Equity will

grant relief as between the original parties or their privies in law, in fact, or in estate, except bona fide purchasers for value without notice." § 4573.

In *Burke* v. *Anderson*, 40 *Ga.* 535, it was held: "Where there is in fact a sale or mortgage of property, by one man to another, and, by a mistake in the execution of the conveyance, the true intention or contract of the parties is not expressed, it is a common and very ancient jurisdiction of courts of equity to correct the mistake, to cause the instrument to speak the facts, and to put the parties, as to each other, in the true position in which they thought they had placed themselves. Nor is this relief confined to the original parties, but will be extended, both for and against their privies, in estate and in law: 1 Ves. 314; 8 Wheat, 211; Hayne's Outlines of Equity, 132 and 133; 1 Ves. 514; 3 Ark. 188; Rev. Code, § 3050." In *Phillips* v. *Roquemore*, 96 *Ga.* 719 (23 S. E. 855), it was held: "Equity will correct a mistake in a mortgage, whereby property intended to be included therein was inadvertently omitted, even after the mortgage has been foreclosed and the property described in it has been levied upon and sold under the mortgage fi. fa.; and after such correction, the lien of the mortgage on the omitted property will be superior in dignity to that of a judgment obtained after the mortgage was originally executed and before its reformation. This is so although the judgment was founded upon a debt in the contracting of which by the debtor credit was extended to him upon the faith of his apparent unincumbered ownership of the omitted property; there being, under section 3119 of the Code, no protection in such cases to other than bona fide purchasers for value without notice." See also *DeVane* v. *Fambrough*, 133 *Ga.* 471 (66 S. E. 245); *Long* v. *Gilbert*, 133 *Ga.* 691 (66 S. E. 894). We have cited several authorities along the same line, because they completely cover one of the main questions in this case.

We are further of the opinion that the court did not err in holding that the plaintiff, having a right to reformation of the security deed, could, under proper prayers, procure this relief by amendment to the petition. See Code of 1910, §§ 5681, 5682. In *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968 (2) (42 S. E. 449), it was held: "In an action brought by a plaintiff to recover possession of land the petition alleged that the plaintiff was the owner of the land under written evidence of title. An amendment was offered set-

ting up that the plaintiff at the commencement of the action was the equitable owner of the land, and as such entitled to the possession of the same. *Held,* that the amendment did not set forth a new and distinct cause of action." In *Sweat* v. *Hendley,* 123 *Ga.* 332 (51 S. E. 331), it was held: "Where an equitable petition was filed, seeking specific performance of a parol contract to convey a tract of land, alleging possession and improvements made by the plaintiffs thereon, an amendment was properly allowed which alleged that the land included in the contract was inadvertently misdescribed in the original petition, and that instead of being the east half of a certain lot, containing 245 acres, more or less, it included the entire lot, containing 490 acres, more or less." In *Nelson* v. *Spence,* 129 *Ga.* 35 (58 S. E. 697), appeared a situation very similar to the instant case. It was there held: "The amendment offered by the defendant in error to his original petition for the foreclosure of the alleged mortgage, while inartificial in form and somewhat indefinite in its allegations, and upon this ground subject to special demurrer, was, in the absence of such demurrer, sufficient to authorize the admission of evidence tending to·show that both parties to the instrument intended that it should contain words making it a mortgage covering the stock of goods as 'a stock in bulk changing in specifics, and including the soda-fount in the store.'" See also *Mims* v. *Jones,* 135 *Ga.* 541 (69 S. E. 824).

*Judgment affirmed. All the Justices concur.*