A94A1397. COLEMAN ROAD ASSOCIATES, LTD. et al.
v. CULPEPPER.
(448 SE2d 83)

JOHNSON, Judge.

Coleman Road Associates, Ltd., purchased real property from Dorothy Tanner Culpepper. Coleman, through its general partner Carl Callum, executed a promissory note and deed to secure debt in favor of Culpepper, who financed the purchase. Coleman defaulted on the note by failing to make the required monthly payments. Pursuant to the power of sale contained in the deed to secure debt, Culpepper foreclosed on the property, purchasing it herself at the foreclosure sale. Culpepper did not seek judicial confirmation of the foreclosure sale, but instead filed the instant lawsuit against Coleman and Callum, alleging that they are liable for breaching the security deed provisions requiring them to maintain the property in good condition, pay taxes on the property and keep the property insured. Coleman and Callum moved for summary judgment. The trial court denied the motion and we granted the interlocutory appeal application of Coleman and Callum.

1. Coleman and Callum correctly contend that Culpepper's purchase of the property at the foreclosure sale, for an amount which she concedes satisfied the debt, extinguished the security deed. "*A security deed, although conveying the legal title, does so for the purpose of security only, and, upon the satisfaction of the obligation which it is given to secure, is automatically extinguished in effect* and can be canceled of record without any reconveyance by the grantee in accordance with the provisions of [OCGA § 44-14-67]." (Citation and punctuation omitted; emphasis supplied.) *Sapp v. ABC Credit &c. Co.,* 243 Ga. 151, 154 (2) (253 SE2d 82) (1979). Although the rule emphasized above is set forth in the context of the statute governing the cancellation of a security deed as reconveying title to the grantor of the deed, it is nonetheless instructive under the circumstances of the instant case to the extent that it expresses the principle that a security deed conveys legal title solely for the purpose of securing a debt and is extinguished once that debt is satisfied. "[W]hen the grantor of a security deed grants a power of sale he does so not for his ultimate benefit but, rather, for the benefit of the grantee. The power of sale in a [security deed] simply gives to the [grantee] a remedy for the collection of his debt in a summary way. The power is conferred for the purpose of enabling the [grantee] to collect his debt." (Citations and punctuation omitted.) *Druid Assoc., Ltd. v. Nat. Income Realty Trust,* 210 Ga. App. 684, 685-686 (436 SE2d 721) (1993). Here, Culpepper elected to exercise the power of sale in the security deed and collect her debt in this summary way. She concedes that she did not need to seek confirmation of the fore-

closure sale because her bid at the sale fully satisfied Coleman's debt under the note plus all related expenses. Since that debt was completely satisfied, the effect of the security deed was extinguished. Culpepper's current action under the terms of that extinguished deed is therefore void and the trial court erred in denying the motion for summary judgment of Coleman and Callum.

2. Due to our decision in Division 1, we need not address the issue of whether Culpepper's lawsuit is an attempt to obtain a deficiency judgment that is barred by her failure to have the foreclosure sale confirmed pursuant to OCGA § 44-14-161.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED AUGUST 19, 1994.

*Bach & Hulsey, Robert J. Hulsey*, for appellants.
*J. Russell Jackson*, for appellee.