A05A1224. AAMES FUNDING CORPORATION v. HENDERSON et al.

(620 SE2d 503)

MIKELL, Judge.

Aames Funding Corporation filed an action for reformation of a security deed following foreclosure to correct the legal description of the property. Ruling on cross-motions for summary judgment, the trial court granted summary judgment to the appellees, Daniel A. Henderson, Debra W. Henderson, and Charlotte T. Butler. We reverse.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

Properly viewed, the record shows that on October 8, 1999, the Hendersons, who were facing foreclosure, obtained a loan from

---

[1] (Citations and punctuation omitted.) *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).

Aames to refinance their home, located at 1714 Holly Hill Road in Augusta. The property includes lots 17, 18, 19, and 20 in Block G of King Woods subdivision. However, the security deed which the Hendersons executed in connection with the loan omitted reference to lots 18, 19, and 20, describing the property only as "Lot 17, Block G of Kings Wood [sic] Subdivision." Meanwhile, Butler, Daniel Henderson's mother, loaned the couple $15,000 and took back a security deed, which was recorded on December 30, 1999.

The Hendersons defaulted on the loan to Aames, and, on February 5, 2002, Aames's transferee, appellant Aames Capital Corporation, foreclosed on the property and purchased it at the judicial sale. Facing eviction, the Hendersons sought to arrange for a friend to purchase the property and rent it back to them. While performing a title search, the friend's attorney discovered that only Lot 17 had been conveyed by the deed of foreclosure. Aames then filed the underlying petition, seeking reformation of the security deed and a decree that its deed be deemed superior to that of Butler. Without explanation, the trial court granted the appellees' motion for summary judgment and denied Aames's motion. This appeal followed.

Aames argues that the trial court should have granted summary judgment on its petition to reform the deed because the evidence established that the erroneous description in the deed resulted from the parties' mutual mistake. We agree.

> In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. . . . In such cases the negligence of the party complaining will not defeat his right to reformation, if the other party has not been prejudiced thereby.[2]

In the case at bar, Daniel Henderson deposed that when he obtained the loan from Aames, he believed that he was giving the lender a security interest in his entire property. Henderson did not read the loan documents, but simply signed all that were presented to him. Further, Butler deposed that when she loaned her son $15,000 and obtained a security interest in his property, she understood that her interest was inferior to Aames's. Moreover, an affidavit supplied by an officer of Aames shows that the lender intended to take a security interest in the entire parcel and did not realize that it had made a mistake in the property description until after foreclosure.

---

[2] (Citations and punctuation omitted.) *Chapman v. Cassels Co.*, 180 Ga. 349, 353 (2) (179 SE 91) (1935). Accord *Curry v. Curry*, 267 Ga. 66, 67 (1) (473 SE2d 760) (1996).

Finally, records show that the entire parcel at issue, lots 17, 18, 19, and 20, is 80 feet by 150 feet, and comprises .28 acre. Each lot is 20 feet wide, and lot 17 includes only the concrete patio, a small portion of the house, and the shed. "A mistake relievable in equity is some unintentional act, omission, or error arising from ignorance."[3] The evidence conclusively establishes a mutual mistake relievable in equity. Aames has demonstrated that the omission of lots 18 through 20 from the description in the deed was contrary to the intention of the parties.

The appellees do not dispute any relevant facts or argue that they would be prejudiced by the reformation. Rather, they contend that Aames is not entitled to reformation because the security deed was extinguished by foreclosure. "[A] security deed conveys legal title solely for the purpose of securing a debt and is extinguished once that debt is satisfied."[4] Appellees cite this principle out of context; it is inapplicable in an action for equitable reformation. Rather, we have applied the principle, for example, to preclude a post-foreclosure action alleging breach of provisions in a security deed requiring the prior owners to maintain the property in good condition and pay taxes on it.[5] Aames does not seek to enforce rights under an extinguished security deed. Rather, it seeks to reform the deed to conform with the parties' original intention. This is permitted under Georgia law, even after foreclosure. "Equity will correct a mistake in a mortgage, whereby property intended to be included therein was inadvertently omitted, even after the mortgage has been foreclosed and the property described in it has been levied upon and sold under the mortgage fi. fa."[6]

In *Chapman v. Cassels Co.*,[7] for example, our Supreme Court held that reformation of a security deed after foreclosure was proper where, as here, an inadvertent error was made in the quantum of property conveyed by the deed. The Court held that "the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? . . . If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true

[3] OCGA § 23-2-21 (a).

[4] *Coleman Road Assoc. v. Culpepper*, 214 Ga. App. 475 (1) (448 SE2d 83) (1994).

[5] Id. See also *Druid Assoc. v. Nat. Income Realty Trust*, 210 Ga. App. 684, 685-686 (436 SE2d 721) (1993) (mortgagee could not recover delinquent water bill from mortgagor after foreclosure because parties had executed a no-recourse loan, which made recovery of property through foreclosure the sole remedy).

[6] (Punctuation omitted.) *Chapman*, supra at 354 (2), citing *Phillips v. Roquemore*, 96 Ga. 719 (23 SE 855) (1895).

[7] Supra.

bargain between the parties."[8] Similarly, in *Flagg v. Hedrick*,[9] reformation of a deed after foreclosure was held proper to correct mistakes in the dates of the deed which were "the result of typographical errors overlooked by the parties."[10] Accordingly, foreclosure does not bar equitable reformation of the security deed at issue.

Finally, Aames correctly argues that reformation relates back to the date of the execution of the deed, establishing the priority of its security interest to that of Butler. "[A]fter such correction [of the deed], the lien of the mortgage on the omitted property will be superior in dignity to that of a judgment obtained after the mortgage was originally executed and before its reformation."[11] It follows that the trial court erred in denying Aames's motion for summary judgment and in granting appellees' motion.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2005.

*Fulcher, Hagler, Reed, Hanks & Harper, Robert C. Hagler, Matthew D. DeMott*, for appellant.

*Johnston, Wilkin & Williams, William J. Williams*, for appellees.

---

[8] (Citation omitted.) Id. at 353 (2).
[9] 215 Ga. 16 (108 SE2d 703) (1959).
[10] (Citations omitted.) Id.
[11] *Chapman*, supra, citing *Phillips*, supra.