## A08A2208. TRAIL v. SAUNDERS.

(675 SE2d 514)

BERNES, Judge.

This is an appeal from Basil Trail, who sought to levy upon a promissory note and security deed that had been issued to a third party by appellee Larry G. Saunders but was paid in full prior to Trail's levy efforts. The trial court granted summary judgment to Saunders and denied summary judgment to Trail, holding that any attempt by Trail to levy upon the promissory note and security deed was void as a matter of law. We affirm.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review de novo the record on appeal from the trial court's grant or denial of summary judgment. *Secured Equity Financial v. Washington Mut. Bank*, 293 Ga. App. 50 (666 SE2d 554) (2008).

The undisputed facts show that on June 1, 2005, Saunders executed a promissory note in the amount of $280,000 in favor of a third party, A. W. Carswell. Saunders contemporaneously executed in favor of Carswell a deed to secure debt, also dated June 1, 2005, to secure the indebtedness evidenced by the promissory note. The security deed was recorded in the Office of the Clerk of the Superior Court of Coffee County.

On or about November 20, 2005, Carswell acknowledged full payment and satisfaction of the debt evidenced by the June 1, 2005 promissory note and security deed. Carswell cancelled the promissory note by signing the face of the document under a notation reading "Note Satisfied and Cancelled 11-20-2005" and initialing and writing on each page "Paid in Full." The security deed remained uncancelled of record at that time.[1]

Trail subsequently obtained a civil judgment against Carswell and recorded with the clerk a writ of fieri facias in the principal amount of $50,000 based upon the judgment. Trail then attempted to levy upon the June 1, 2005 promissory note and security deed from Saunders to Carswell, and caused to be published on February 2, 2007 a "Notice of Sheriff's Sale" announcing that the promissory note and security deed would be sold at public outcry to the highest bidder.

When his efforts to have Trail cancel the sheriff's sale were unsuccessful, Saunders filed a complaint for temporary restraining order, temporary injunction and permanent injunction. Trail filed a

---

[1] Carswell ultimately issued a quitclaim deed covering all of the collateral property from himself to Saunders, which was recorded on January 8, 2007.

counterclaim, asserting that Saunders and Carswell had engaged in a fraudulent scheme to avoid him as a judgment creditor. The parties filed cross-motions for summary judgment, with Saunders seeking an order to enjoin the sale and Trail seeking an order to allow it. The trial court granted Saunders's motion and denied Trail's motion. This appeal followed.

The law in Georgia is well established that

> [a] security deed, although conveying the legal title, does so for the purpose of security only, and, upon the satisfaction of the obligation which it is given to secure, is automatically extinguished in effect and can be canceled of record without any reconveyance by the grantee in accordance with the [statutory] provisions.

*Hennessy v. Woodruff*, 210 Ga. 742, 744 (4) (82 SE2d 859) (1954). See *Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535, 537 (1) (630 SE2d 407) (2006); *Coleman Road Assoc. v. Culpepper*, 214 Ga. App. 475 (1) (448 SE2d 83) (1994). Moreover, upon full payment of the underlying debt,

> [t]he grantor's right to a reconveyance of the property upon complying with the contract shall not be affected by any liens, encumbrances, or rights which would otherwise attach to the property by virtue of the title being in the grantee; but the right of the grantor to a reconveyance shall be absolute and permanent upon his complying with his contract with the grantee according to the terms.

OCGA § 44-14-66.

Applied to the facts of this case, it is abundantly clear that the security deed was automatically extinguished upon Saunders's payment of the underlying debt in 2005, as evidenced by Carswell's cancellation of the promissory note. See *Northwest Carpets*, 280 Ga. at 537 (1); *Hennessy*, 210 Ga. at 744 (4). At that time, the collateral property absolutely and permanently revested in Saunders. OCGA § 44-14-66. Since no legal interest pursuant to the promissory note and security deed remained in Carswell at the time that Trail obtained his judgment against Carswell, any attempt by Trail to levy on the note and deed in an effort to satisfy Carswell's debt was void as a matter of law. Cf. *Northwest Carpets*, 280 Ga. at 537-538 (1); *Coleman Road Assoc.*, 214 Ga. App. at 476 (1). Accordingly, the trial court did not err in granting summary judgment to Saunders and denying the same to Trail.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 12, 2009.

*Mills & Larkey, Ben B. Mills, Jr.*, for appellant.
*Preston & Preston, William L. W. Preston*, for appellee.