**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 21, 2019**

# In the Court of Appeals of Georgia

A19A0988. CB LENDING, LLC et al. v. STRATEGIC PROPERTY     PH-034
        CONSULTING GROUP, LLC, et al.

PHIPPS, Senior Appellate Judge.

This is the second appearance of this real estate dispute before this Court. In an unpublished opinion pursuant to Court of Appeals Rule 36, we affirmed the trial court's grant of appellees Strategic Property Consulting Group, LLC ("SPCG") and RRK Investments, LLC ("RRK")'s motion for an injunction barring appellant CB Lending, Inc. from foreclosing on the Sandy Springs property in dispute. *CB Lending, LLC v. Strategic Property Consulting Group, LLC et al.*, 345 Ga. App. XXII (Case No. A17A1921, decided March 6, 2018). After receiving a payoff of nearly $309,000 on the $221,000 loan it had given to SPCG, CB Lending brought this petition to quiet title. After a special master held hearings and made findings in the case, the trial court

entered a final order holding that SPCG's payoff was a voluntary payment that fully extinguished its debt, that SPCG was entitled to attorney fees under OCGA § 44-14-3 (c) in the amount of $119,456.00, and that RRK was entitled to attorney fees under OCGA § 9-15-14 (b) in the amount of $27,043.93. On appeal from that judgment, CB Lending argues that the trial court's findings were in error because material facts remained as to the legal effect of SPCG's payment and because the evidence did not support the attorney fee awards, which were not properly made. We find no error and affirm.

The appellate record[1] includes transcripts of the hearing before the special master, her detailed "Final Report and Recommendations," and the trial court's order adopting most, but not all, of that report. We therefore defer to the trial court's judgment on matters of fact to the extent that judgment is supported by any evidence before either it or the special master. See *In re Morse*, 265 Ga. 353, 353 (1) (456 SE2d 52) (1995) (an appellate court reviewed a review panel's findings of fact under the "any evidence" standard; "if the review panel has made no independent findings

_____

[1] In their initial brief, appellants note that some of the materials before the special master "were not submitted to be made a part of the record" before the trial court. As a result, many of the events narrated in the special master's order and the trial court's judgment cannot be disputed.

2

of fact or adopted the special master's findings, we review the evidence in the light most favorable to the special master's findings"). We review conclusions of law de novo. *Morgan County Bd. of Tax Assessors v. Ward*, 318 Ga. App. 186, 186 (733 SE2d 470) (2012).

So viewed, the record shows that on July 13, 2015, CB Lending loaned $221,100 to SPCG (pursuant to SPCG's promissory note for that amount) for the purpose of renovating a property at 6788 Brandon Mill Road, Sandy Springs. The loan was secured by a deed in CB Lending's favor executed on the same day. In October 2015, CB Lending declared the note in default and accelerated payment of the entire amount of the loan, but CB Lending accepted at least 10 partial and full payments between November 2015 and April 2016.[2] On April 11, 2016, however, CB Lending sent a second notice of default. On April 15, CB Lending delivered a payoff statement including more than $29,000 in "default interest" and more than $40,000 in "statutory legal fees" arising from both defaults, for a total of $310,786.81.

In the meantime, SPCG arranged to refinance the remaining debt through RKK. The parties to the original loan eventually agreed on a payoff amount of $308,982.41,

---

[2] On January 22, 2016, for example, counsel for CB Lending, Benjamin J. Cohen, emailed SPCG's principal that his client "elected not to accelerate the debt at this time."

3

which was wired to CB Lending at a closing on the late afternoon of April 21, 2016. On the following day, however, SPCG's principal noted his "dispute and protest" of "the payoff for 6788 Brandon Mill Rd" and attempted to reserve "all legal rights in this matter."

On July 21, 2016, SPCG's counsel emailed CB Lending a demand for cancellation of the security deed in accordance with OCGA § 41-14-3, as well as SPCG's reasonable attorney fees as authorized by subsection (c) of that statute. CB Lending did not return any of the funds given at closing or cancel the deed, however; rather, on August 29, 2016, it brought the instant petition to quiet title and for attorney fees under OCGA § 13-6-11 against parties including SPCG, RRK, and Groundfloor Properties GA, LLC ("Groundfloor"), SPCG's principal's place of employment. SPCG answered and counterclaimed for relief including attorney fees under OCGA § 13-6-11. Groundfloor moved to dismiss the suit, which motion the trial court granted on December 14, 2016. In November 2016, CB Lending's law firm, Price-Co Law Group, and its lawyer, Benjamin J. Cohen, were added as third-party defendants.

The special master was appointed in April 2017. On August 7, 2017, after a hearing, the special master granted summary judgment to RRK and ordered CB

Lending to cancel its security deed because CB Lending had received "payment in full of the amount demanded . . . in writing," "had retained those funds for over a year," and "still retained those funds." On August 17, 2017, the special master granted SPCG's motion to compel the production of documents; on September 12, 2017, the special master awarded SPCG attorney fees for Price-Co's failure to produce documents in response to the motion to compel. On October 2 and 3, 2017, the special master held a hearing on the merits, but reserved further rulings on attorney fees for a separate hearing, which was held on November 16, 2017. No transcript of this fee hearing appears in the appellate record.

On January 26, 2018, the special master signed her report and recommendations, including the following:

– CB Lending was estopped from claiming that its October 2015 acceleration could enable it to claim attorney fees under OCGA § 13-1-11;

– CB Lending was obligated to refund the $40,210.75 portion of SPCG's payment assessed as such fees;

– Because SPCG's payoff of April 2016 was an accord and satisfaction of its debt, CB Lending must cancel its security deed;

5

– SPCG was entitled to $17,329 in OCGA § 13-6-11 attorney fees expended in pursuing its motion to compel, jointly and severally from CB Lending and its law firm Price-Co;

– CB Lending's suit against RRK was "made in bad faith, was stubbornly litigious, and unnecessarily expanded the scope of the[] proceedings" such that RRK was owed $27,043.93 in attorney fees under OCGA § 13-6-11.

– CB Lending's naming of Groundfloor as a party was "substantially frivolous, groundless, and vexatious," "lacked substantial justification," and was "in bad faith" such that Groundfloor was entitled to $22,114.44 in attorney fees under OCGA § 9-15-14.

The report was filed in the trial court on February 26, 2018.

The trial court adopted much of the special master's report, but made the following revisions and affirmations in the course of doing so:

– SPCG's payoff of April 2016 was a voluntary payment rather than an accord and satisfaction, with the result that SPCG was not entitled to any refund of that amount; – Because SPCG made a written demand that CB Lending cancel the security deed not less than 61 days after SPCG's payment in full, SPCG was entitled to $500 in liquidated damages and its reasonable attorney fees under OCGA § 44-14-3 (c) (1) in the amount of $119,456.00, including the "appropriate" award of $17,329 in connection with SPCG's motion to compel;

6

– The attorney fee award of $27,043.93 to RRK was proper under OCGA § 9-15-14 (b) because CB Lending's actions in refusing to cancel the deed, even after "direction from the Special Master" to do so, "lacked substantial justification." Further, and in light of "the apparent connections between CB [Lending] and its counsel [Cohen]," the trial court awarded these OCGA § 9-15-14 (b) fees "jointly and severally" against not only CB Lending and Price-Co, but also attorney Cohen.

– CB Lending was responsible for 50% of the special master's fees and expenses, with SPCG and RRK responsible for 25% each.

On appeal from this order, CB Lending and its counsel assert that (1) a dispute of material fact remains as to its obligation to cancel its security deed and (2) the attorney fee awards to SPCG, Groundfloor, and RRK were erroneous as unsupported by the evidence and lacking proper findings.

1. CB Lending first asserts that in light of SPCG's protest at the time of the April 2016 payoff, CB Lending was not obligated to cancel its security deed. We disagree.

OCGA § 13-1-13 provides:

*Payments of claims made through ignorance of the law or where all the facts are known* and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party *are deemed voluntary* and cannot be recovered unless made under an urgent and

immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. *Filing a protest at the time of payment does not change the rule* prescribed in this Code section.

(Emphasis supplied.) This Court has previously noted that

"a payment is not made under compulsion or duress, but will be treated as voluntary, unless the party making payment does so to prevent the immediate seizure of his goods or the arrest of his person. . . . Furthermore, the doctrine appears to be that if the law affords to the person from whom the payment is exacted an immediate and adequate remedy to resist payment, he can not be said to have acted under compulsion, if, neglecting to avail himself of such remedy, he elects to make the payment demanded of him."

*Pew v. One Buckhead Loop Condominium Ass'n.*, 305 Ga. App. 456, 461 (2) (a) (700 SE2d 831) (2010), quoting *Darby v. City of Vidalia*, 168 Ga. 842, 842-843 (149 SE 223) (1929). "The party seeking to recover payment bears the burden of showing that the voluntary payment doctrine does not apply." (Citation and punctuation omitted.) *Pew*, 305 Ga. App. at 461 (2) (a).

Here, undisputed facts show that on April 21, 2016, SPCG made a payoff on the mutually agreed amount of $308,982.41, or nearly $100,000 more than the original loan extended less than a year before (including the "statutory fees" later

8

deemed improper by the special master). Pretermitting the legal basis for the parties' calculation of that amount, and as the trial court properly concluded, this was a voluntary payment that extinguished the debt memorialized in the original note and security deed. *Pew*, 305 Ga. App. at 460-461 (2) (a) (even if a trial court erred in finding an accord and satisfaction in a dispute over condominium association payments, the court could disallow a setoff of amounts previously paid under the voluntary payment doctrine); *Trail v. Saunders*, 296 Ga. App. 594, 595 (675 SE2d 514) (2009) (affirming summary judgment in favor of debtor when a creditor's action to levy on a security deed was void as a result of the payment of the underlying debt). As the statute itself provides, the fact that counsel for SPCG purported to make the payment with a form of "protest" does not affect this conclusion. OCGA § 13-1-13. The trial court thus did not err when it concluded that RRK, which had replaced SPCG as the debtor, was entitled to judgment. *Trail*, 296 Ga. App. at 595.

2. CB Lending's challenges to the attorney fee awards also lack merit.

As a preliminary matter, we note that CB Lending is not authorized to challenge the legal basis for some of the attorney fees awarded by the special master, or any of the amounts awarded, because appellants have not provided any citation to SPCG's relevant counterclaim for fees under OCGA § 44-14-3, any evidence that

9

they filed a post-judgment objection below as the form of the OCGA § 13-6-11 award, or a transcript of the fee hearing held before the special master on November 16, 2017. See, e.g., *Hampshire Homes v. Espinosa Constr. Svcs.*, 288 Ga. App. 718, 724 (3) (655 SE2d 316) (2007) (an appellant who fails to make a post-judgment motion for further findings concerning a OCGA § 13-6-11 fee award waives any argument on that issue on appeal); *Watkins v. Rutland*, 281 Ga. 535, 535 (640 SE2d 289) (2007) (in the absence of a transcript of a hearing before a special master, "the special master's findings on which the trial court's judgment was based cannot be reviewed"). In an abundance of caution, however, we address the legal basis for the attorney fees awarded for the first time by the trial court – that is, the award of $119,456 in fees to SPCG under OCGA § 44-14-3 (c) (2) and the imposition of joint and several liability for the OCGA § 9-15-14 fee award.

(a) OCGA § 44-14-3 (c) (1) authorizes the recovery of reasonable attorney fees incurred as a result of "the failure of the grantee or holder of the instrument to transmit a legally sufficient satisfaction or cancellation" when required, as follows:

> [T]he grantee or holder of the instrument shall be liable to the grantor
> for the sum of $500.00 as liquidated damages and such additional sums
> for any loss caused to the grantor, plus reasonable attorney's fees if the
> grantor makes a written demand for liquidated damages to the grantee

10

or holder of the instrument before transmittal, but not less than 61 days after the instrument is paid in full, and prior to filing a civil action.

In *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236 (620 SE2d 463) (2005), this Court affirmed a trial court's award of attorney fees under OCGA § 44-14-3 (c), noting as follows:

> OCGA § 44-14-3 (c) does not restrict the reasonable attorney fees available thereunder to just those directly incurred in collecting the liquidated damages award. The subsection obligates the noncompliant grantor to pay "the sum of $500.00 as liquidated damages and, in addition thereto, for such additional sums for any loss caused to the grantor plus reasonable attorney's fees." Where the grantor refuses to mark the underlying note as satisfied and to take steps to cancel the security deed, and instead sues the former debtor on the already-satisfied note, we read the language of subsection (c) to authorize the court to award the former debtor his reasonable attorney fees in having to defend that meritless action and in having to prosecute a counterclaim for the liquidated and other damages. The defense of the action is directly related to the creditor's refusal to comply with his OCGA § 44-14-3 (c) obligation to have the security deed cancelled on the real estate records.

275 Ga. App. at 239 (1) (b). Here, likewise, appellees' defense of CB Lending's action to quiet title is "directly related to [CB Lending's] refusal to comply with [its] OCGA § 44-14-3 (c) obligation to have the security deed cancelled[.]" Id. It follows

11

that the trial court did not err when it awarded SPCG attorney fees under OCGA § 44-14-3 (c) (1).

(b) Cohen's assertion of error concerning the imposition and apportionment of fees under OCGA § 9-15-14 (b) against him as well as CB Lending and Price-Co lacks merit. As we have noted, and in the absence of the transcript of the hearing at which CB Lending's counsel had the opportunity to cross-examine RRK on the issue, we cannot review the factual basis for the special master's or the trial court's conclusions. The special master found that CB Lending's action to quiet title was brought "in bad faith, was stubbornly litigious, and unnecessarily expanded the scope of these proceedings." The trial court "adopt[ed] and affirm[ed]" these findings, and added that CB Lending's refusal to cancel the security deed even after direction to do so from the special master "lacked substantial justification." Assuming, as we must, that the evidence supported these awards, and based on our review of the record, these findings were sufficient to justify the award under OCGA § 9-15-14 (b) against CB Lending, Price-Co and Cohen. There was no abuse of discretion here. *Franklin Credit*, 275 Ga. App. at 240 (2) (a) (the trial court did not abuse its discretion in awarding attorney fees against a party whose "obstinacy in denying liability for

liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c) lacked substantial justification").

*Judgment affirmed. McFadden, C. J., and McMillian, P. J., concur*.