A90A0511. PLEASANT et al. v. LUTHER.
(395 SE2d 79)

POPE, Judge.

Plaintiff/appellee Carol Luther brought suit against defendants/appellants Dorothy and James Pleasant seeking, inter alia, recovery of damages for diminution in value of property she leased from defendants allegedly resulting from defendants' failure to make necessary repairs. Plaintiff subsequently amended her complaint, seeking treble damages, costs and attorney fees on the basis that defendants wrongfully converted her security deposit. (See OCGA § 44-7-35 (c)). Although the proceedings below apparently were not transcribed, the trial court, following the submission of evidence and testimony, and the consideration of post-trial briefs, entered an order awarding plain-

tiff $957 for diminution in value to the property, $915 ($305 trebled) for the wrongful withholding of her security deposit and $750 attorney fees. Defendants appeal, enumerating as error the trial court's award of treble damages and attorney fees pursuant to OCGA § 44-7-35 (c). We affirm.

1. Although it is difficult for us to ascertain what transpired in the lower court in the absence of a transcript for review, the trial court apparently allowed defendants to retain $145 of plaintiff's security deposit as rent owing to them. Consequently, and relying on *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401, 402 (3) (274 SE2d 620) (1980) and its progeny, defendants argue that the trial court erred in awarding treble damages and attorney fees on the basis that they wrongfully failed to return plaintiff's security deposit. We find no merit to this argument. OCGA § 44-7-35 (c) provides: "Any landlord who fails to return *any part* of a security deposit which is required to be returned to a tenant pursuant to this article shall be liable to the tenant in the amount of three times the sum improperly withheld plus reasonable attorney's fees. . . ." (Emphasis supplied.) The statute is clear and unambiguous: if *any part* of the security deposit is wrongfully withheld, then the tenant is entitled to recover three times the sum improperly withheld. Here the trial court apparently determined that defendants improperly withheld $305 of plaintiff's $450 security deposit. Cf. *Kimber*, supra, in which the amount of rent owing exceeded the amount of the security deposit retained. As to this finding defendants cannot be heard to complain. "Where no transcript is provided, it is presumed that the findings of the trial court were supported by the evidence. [Cit.]" *Butler v. First Family &c. Corp.*, 191 Ga. App. 360, 361 (1) (381 SE2d 551) (1989). Consequently, the trial court's order must be affirmed.

2. Plaintiff has requested that this court impose ten percent damages against defendants pursuant to OCGA § 5-6-6 for bringing a frivolous appeal. "However, without a transcript we are unable to carefully examine the record in the light of the entire history of the case as there presented and therefore are unable to determine whether the appeal presented a bona fide contest over a colorable matter. [Cits.] Accordingly, an award of damages is denied." (Punctuation omitted.) *Brown v. Thomas*, 191 Ga. App. 679, 680 (2) (382 SE2d 656) (1989).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 12, 1990.

*Divida Gude*, for appellants.

*Ralph S. Goldberg*, for appellee.