A97A1464. PREECE v. TURMAN REALTY COMPANY, INC.
(492 SE2d 342)

SMITH, Judge.

Lisa Preece brought this action against her former landlord, Turman Realty Company, Inc., seeking treble damages and attorney fees pursuant to OCGA § 44-7-35 (c) for Turman's failure to return her $300 security deposit. Turman answered with a general denial, and the case was tried before a jury. The parties agreed during the trial to allow the court to decide the issue of attorney fees should the jury return a verdict in favor of Preece. Such a verdict was returned. The jury awarded Preece $900, but the trial court then refused to award attorney fees, finding that Turman "also expended funds for attorney representation, and the award of treble damages seems adequate to compensate [Preece] for all charges for legal representation."

We granted Preece's application for discretionary appeal from that order.

The sole issue presented is whether the trial court was free to exercise discretion and deny Preece an award of attorney fees. We conclude that given the language of the statute and the jury's verdict, an award of attorney fees was mandatory. The trial court erred, and we reverse that portion of the trial court's order.

We note initially that contrary to Turman's contention, Preece's appeal was timely. OCGA § 5-6-38 (a) provides that "[a] notice of appeal shall be filed within 30 days after *entry* of an appealable decision or judgment." (Emphasis supplied.) A judgment, although signed by a judge, is not "entered" until it is filed with the court clerk. OCGA § 9-11-58 (b). Although the record contains an earlier judgment signed by the trial judge, the record does not show that order was ever entered.

Attorney fees are recoverable only when specifically provided for by statute. *Bearden v. City of Austell*, 212 Ga. App. 398, 400 (4) (441 SE2d 782) (1994). OCGA § 44-7-35 (c) provides, in pertinent part, that "[a]ny landlord who fails to return any part of a security deposit which is required to be returned to a tenant pursuant to this article shall be liable to the tenant in the amount of three times the sum improperly withheld plus reasonable attorney's fees." The statute is perfectly clear and unambiguous. *Pleasant v. Luther*, 195 Ga. App. 889, 890 (1) (395 SE2d 79) (1990). Its language is mandatory: if the jury concludes from the evidence that the security deposit should have been returned, the landlord "*shall* be liable to the tenant" for treble damages "*plus* reasonable attorney fees." (Emphasis supplied.) This language *required* the trial court to award attorney fees once the jury returned a verdict in Preece's favor, provided that Preece properly proved them and they were reasonable. Compare *Fleetwood Motor Homes &c. v. McGehee*, 182 Ga. App. 151, 152 (1) (355 SE2d 73) (1987) (use of permissive term "may" in connection with recovery of costs and expenses including attorney fees in different statute connotes clearly that court has option of not allowing such recovery).

As noted, attorney fees may not be awarded absent proof of their value and reasonableness. In this case, although the record contains no transcript of the trial, the trial court's order reflects that proof was presented that Preece's attorney expended 8.25 hours on her case for a fee of $968.75 and that the trial court found both the time and the charges reasonable.

We reject Turman's argument based upon the second portion of OCGA § 44-7-35 (c). That portion of the statute provides that "the landlord shall be liable only for the sum erroneously withheld if the landlord shows by the preponderance of the evidence that the withholding was not intentional and resulted from a bona fide error

which occurred in spite of the existence of procedures reasonably designed to avoid such errors." Turman argues that attorney fees were unwarranted because it presented evidence of procedures designed to avert such errors and that the trial court apparently concluded the deposit was withheld because of a bona fide error. The jury was the finder of fact on the issue of whether the security deposit was withheld intentionally. The jury's award of treble damages makes clear its finding of such intentional withholding. The trial court was not free to disregard that verdict in ruling on the issue of attorney fees.

*Judgment reversed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 29, 1997.

*Ronald S. Iddins*, for appellant.
*Thomas L. Thompson, Jr.*, for appellee.