A09A0297. THE SPRINGS CONDOMINIUM ASSOCIATION, INC. v. HARRIS.

(677 SE2d 715)

JOHNSON, Presiding Judge.

The Springs Condominium Association, Inc. (the "Association") appeals the trial court's refusal to grant it an award of attorney fees in this case. Because the case is governed by OCGA § 44-3-109 (b) (3), which mandates an award of attorney fees when an association is forced to file a statutory lien for condominium assessments and the association's condominium's documents provide for the payment of these fees, we reverse the trial court's order and remand this case for the trial court to determine the reasonableness of the Association's attorney fees.

The facts of this case are not in dispute. The Association is an incorporated condominium association duly authorized to levy and collect assessments at The Springs Condominium. Cedric Harris is the owner of a condominium unit located at The Springs Condominium, and he is required to pay assessments to the Association pursuant to its declaration and OCGA § 44-3-70 et seq. The declaration and OCGA § 44-3-70 et seq. also authorize the collection of late charges, interest (at the rate of ten percent per annum), reasonable attorney fees actually incurred, and costs and expenses related to the collection of these assessments. It is undisputed that Harris did not pay any required assessments, charges, late fees or interest, and the Association placed a lien on his condominium.

On November 8, 2007, the Association, through its attorney, sent Harris the statutory notice of intent to foreclose on its condominium lien. Harris did not respond, and on February 8, 2008, the Association sued Harris, seeking to recover a statutory lien in the amount of

entrustor's negligence must concur with the [entrustee's] negligence to proximately cause damage to the plaintiff").

$15,522.90, reasonable attorney fees, costs and expenses. It also requested an order for judicial foreclosure of the statutory lien. On March 10, 2008, Harris answered and paid $15,522.90. However, this amount did not include attorney fees incurred after December 12, 2007, when the complaint was initially drafted. The trial court entered a final order on June 17, 2008, finding that Harris had paid the full amount of the statutory lien and declining to grant the Association an award of attorney fees. We agree with the Association's contention that the trial court was mandated by law to grant an award of attorney fees in this matter.

OCGA § 44-3-109 (b) (3) states as follows: "To the extent that the condominium instruments provide, the personal obligation of the unit owner and the lien for assessments shall also include . . . [t]he costs of collection, including court costs, . . . and reasonable attorney's fees actually incurred." Since the undisputed evidence in this case shows that The Springs Condominium declaration provides that a delinquent unit owner shall be liable for reasonable attorney fees actually incurred, an award of attorney fees was mandated under the statute. Where a statute's language as to an award of attorney fees is mandatory, the trial court is required to award attorney fees.[1] The trial court, therefore, erred in refusing to enter an award for attorney fees actually incurred subsequent to December 12, 2007.[2] We reverse the trial court's order and remand this case for the trial court to determine the reasonableness of the Association's attorney fees.

*Judgment reversed and case remanded. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009.

*John T. Lueder*, for appellant.
Cedric Harris, *pro se*.

---

[1] See *Preece v. Turman Realty Co.*, 228 Ga. App. 609, 610 (492 SE2d 342) (1997).
[2] See *Casey v. North Decatur Courtyards Condo. Assn.*, 213 Ga. App. 190, 192 (3) (444 SE2d 361) (1994).