[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2012
JOHN LEY
CLERK

No. 11-13340
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00796-TWT


ONE BUCKHEAD LOOP CONDOMINIUM ASSOCIATION, INC.,

Plaintiff
Counter Defendant
Appellant Cross Appellee,

versus

STEPHEN E. PEW,
as Trustee for the Gladys Duffy Pew GST Exempt Trust,

Defendant
Counter Claimant
Appellee Cross Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(July 5, 2012)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This is a condominium fees collection action. The plaintiff is a condominium association that is seeking attorney's fees, interest, and foreclosure on a statutory lien on the defendant's condominium unit. The defendant contends that because the plaintiff is not entitled to the attorney's fees, it is not entitled to interest on those fees or a foreclosure order based on the nonpayment of them.

I.

In 2002 Stephen Pew became the title holder of record for a condominium unit in Atlanta, Georgia that is part of the One Buckhead Loop Condominium. Sometime after Pew bought the unit, he allowed his nephew, Nye Lavalle, to occupy it. While living there, Lavalle harassed the property manager and the president of the Association, causing them to fear for their personal safety. The Association sought temporary protective orders against Lavalle in Georgia state court, and those orders were issued on January 4, 2008. Lavalle was prohibited from coming within 200 yards of the property manager and the president of the Association. As a result, Lavalle moved out of Pew's condominium unit on the same day the protective orders were issued. Almost a year later, on December 10, 2008, the state court found Lavalle in contempt, issued permanent protective orders, and ordered him imprisoned for twenty days. Lavalle appealed that

2

judgment, but the parties' briefs to this Court do not mention the outcome of that case.

Between January 2009 and August 2010 the Association incurred $34,220.75 in attorney's fees enforcing the protective orders against Lavalle.[1] It determined that Pew was obligated to pay those fees and assessed Pew's condominium unit for that amount, even though Lavalle was no longer an occupant during that time period. The Association also assessed Pew's unit for non-payment of other past due assessments, fines, utility charges, late charges, and interest. Pew did not pay, and the Association filed this lawsuit. Pew asserted ten counterclaims against the Association.

## II.

In the district court the parties filed cross-motions for summary judgment. The court granted summary judgment for the Association on all ten of Pew's counterclaims, and he challenges that ruling on only one of those claims. The district court also granted partial summary judgment in favor of the Association on its claims against Pew, awarding it $31,532.28 for monthly assessments, late fees,

---

[1] In another lawsuit against Pew, the Association recovered the attorney's fees it had incurred in obtaining the protective orders against Lavalle. See Pew v. One Buckhead Loop Condo. Ass'n, Inc., 700 S.E.2d 831, 832 (Ga. Ct. App. 2010) (affirming trial court judgment that awarded the Association assessments of $93,122.72 (including $78,132.96 in assessed attorney's fees incurred in obtaining the protective orders against Lavalle), interest of $8,059.95, court costs of $82.50, and $10,620.14 in attorney's fees for the collection case that was before the court).

utilities, and fines. Pew does not challenge that award in this appeal.

The district court denied the Association's request for $34,220.75 in attorney's fees that it incurred to enforce the protective orders against Lavalle from January 2009 through August 2010, and it denied the Association's request for a foreclosure order on Pew's condominium unit. The Association also sought $72,204.06 in attorney's fees and costs from the present lawsuit and interest on all delinquent assessments. The district court did not award those amounts, and its order did not discuss those claims.

The Association appeals the district court's grant of summary judgment against it on attorney's fees, costs, and interest and on its request for a foreclosure order. Pew cross-appeals the district court's grant of summary judgment in favor of the Association on his slander of title counterclaim. We review de novo a district court's grant of summary judgment. Durr v. Shinseki, 638 F.3d 1342, 1346 (11th Cir. 2011). We review de novo a district court's conclusions of law regarding a foreclosure claim. Stamm v. Paul, 121 F.3d 635, 638 (11th Cir. 1997).

A.

Pew raises a jurisdictional issue, which we will address first. We review de novo questions of federal subject matter jurisdiction. Bender v. Mazda Motor Corp., 657 F.3d 1200, 1202 (11th Cir. 2011). Pew contends that the district court

lacked jurisdiction over this diversity action after the Association filed a second amended complaint reducing the amount of damages pleaded to $66,766.43. We disagree. The amount of damages alleged in the complaint upon removal was $99,872.62, which exceeds the amount in controversy requirement. "[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1291 (11th Cir. 2000), overruled in part on other grounds as recognized by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007). The district court properly exercised jurisdiction here.

B.

Turning to the merits, the Association contends that the district court erred by refusing to award it the following amounts: $34,220.75 in legal fees to enforce the protective orders against Lavalle from January 2009 through August 2010, $72,204.06 in attorney's fees along with $82.50 in court costs for the present lawsuit, and $17,612.91 in interest on all delinquent assessments. It also asserts that the district court should have allowed it to foreclose on a statutory lien for the delinquent amounts.

Pew contends that the Association is not entitled to attorney's fees for its

5

legal actions against a former occupant of the condominium and argues that the Association cannot recover interest on fees it is not entitled to collect. Along the same lines, Pew asserts that the Association is not entitled to a foreclosure order because the amounts assessed and recorded in its statutory lien were based in part on the impermissible assessments for attorney's fees.

III.

Pew and the Association are bound by an agreement called the "Declaration of Condominium." Section 9 of that declaration, which governs "allocation of liability for common expenses," includes this provision: "Any Common Expenses occasioned by the conduct of less than all of those entitled to occupy all of the Units or by the Occupant(s), licensees or invitees of any such Unit or Units may be specially assessed against such Unit or Units." Id. § 9(b)(ii). That provision is buttressed by this one in the Georgia Condominium Act:

> (b) To the extent that the condominium instruments expressly so provide:
>
> *     *     *
>
> (2) Any other common expenses occasioned by the conduct of less than all of those entitled to occupy all of the units or by the licensees or invitees of any such unit or units shall be specially assessed against the condominium unit or units, the conduct of any occupant, licensee, or invitee of which occasioned any such common expenses[.]

6

Ga. Code Ann. § 44-3-80(b)(2).

The declaration defines an "occupant" as "any Person occupying all or any portion of a Unit for any period of time, regardless of whether such Person is a tenant or the Owner of such property." Declaration § 2(u). It defines "common expenses" as "the expenses incurred or anticipated to be incurred by the Association for the general benefit of the Condominium." Id. § 2(j). Thus, under the terms of the declaration and the relevant provisions of Georgia's Condominium Act, the Association may specially assess a condominium unit if an occupant's conduct gives rise to common expenses.

The district court found that all of Lavalle's conduct that violated the protective orders happened after Lavalle had vacated Pew's condominium unit on January 4, 2008. After that date, it reasoned, Lavalle was no longer an "occupant" within the meaning of the declaration and Ga. Code Ann. § 44-3-80(b)(2). Because Lavalle would have to be an occupant for his conduct to authorize special assessments, the Association could not assess its attorney's fees for enforcing the restraining orders against Lavalle in 2009 and 2010.[2]

---

[2]As we already noted, see supra n.1, the Association has recovered the attorney's fees it incurred in obtaining the protective orders against Lavalle, and up until the time those orders were issued on January 4, 2008, Pew was an occupant of the condominium unit. See Pew, 700 S.E.2d at 832.

7

The Association contends that the attorney's fees for enforcing the protective orders against Lavalle after he had moved out constitute a "common expense" that it incurred solely as a result of Lavalle's conduct while he was an occupant. That argument ignores the fact that Lavalle's alleged violations of the protective orders occurred after he moved out. As the district court recognized, if the Association's broad interpretation of the declaration applied, it could recover its attorney's fees in litigation against any former occupants of condominium units. The declaration's definition of an occupant refers to a person who is "occupying" the unit, not a person who "used to occupy" it. Declaration § 2(u) (referring to "any Person occupying . . . a Unit for any period of time" (emphasis added)). We will not read the past tense into the plain language of that definition. It does not include any person who formerly occupied a unit.

Because Lavalle was no longer an occupant of Pew's unit when he engaged in the conduct that led the Association to incur attorney's fees to enforce the protective orders, it is not entitled to assess those fees against Pew's condominium unit. Because the Association is not entitled to assess those fees, it is not entitled to interest on them either. That part of the district court's judgment is AFFIRMED.

8

IV.

The Association also contends it is entitled to $72,204.06 in legal fees along with $82.50 in court costs incurred in the present lawsuit. It correctly points out that the district court did not address the issue of these particular attorney's fees and costs, even though the issue was raised. Georgia law provides that "[a]ll sums lawfully assessed by the association against any unit owner or condominium unit . . . shall, from the time the same become due and payable, be the personal obligation of the unit owner and constitute a lien in favor of the association on the condominium unit." Ga. Code Ann. § 44-3-109(a). In the present case, the past due amount "lawfully assessed" by the Association against Pew's condominium unit is $31,532.88.[3]

---

[3]The Association assessed Pew's unit for $12,336.00 in common area expenses, $719.60 in late fees, $3022.28 in utility charges, and $15,455.00 in fines for failure to provide proof of insurance, for a total of $31,532.88. The district court awarded that amount to the Association, concluding that it was lawfully assessed. As we already mentioned, Pew does not challenge that award.

Nor does Pew challenge the district court's grant of summary judgment against him on his ten counterclaims, except for one, his slander of title claim. That claim fails. Pew does not dispute that the $31,532.88 in assessments on his condominium unit that were past due; he disputes only whether additional assessments were authorized. That cannot be a valid basis for a slander of title claim because Pew made no showing that the statements in the lien notice about delinquent assessments were false. See Roofing Supply of Atlanta, Inc. v. Forrest Homes, Inc., 632 S.E.2d 161, 164 (Ga. Ct. App. 2006) (affirming trial court's judgment granting defendant's motion to dismiss a slander of title claim because the plaintiff "failed to carry its burden of showing that the statements in the lien notices were false"). Also, a plaintiff asserting a slander of title claim must establish damages and is entitled to "only such special damages as he actually sustained as a consequence of the wrongful acts, which damages must be pled and proven with

9

The part of Georgia's Condominium Act that governs liens for assessments also provides for court costs and reasonable attorney's fees actually incurred when an association collects amounts that have been lawfully assessed against a condominium unit:

> To the extent that the condominium instruments provide, the personal obligation of the unit owner and the lien for assessments shall also include:
>
> \*      \*      \*
>
> (3) The <u>costs of collection</u>, including <u>court costs</u>, the expenses of sale, any expenses required for the protection and preservation of the unit, and <u>reasonable attorney's fees actually incurred</u> . . . .

<u>Id.</u> § 44-3-109(b)(3) (emphasis added). That provision "mandates an award of attorney fees when an association is forced to file a statutory lien for condominium assessments and the association's condominium's documents provide for the payment of these fees." <u>Springs Condo. Ass'n, Inc. v. Harris</u>, 677 S.E.2d 715, 716 (Ga. Ct. App. 2009). When a declaration provides for reasonable attorney's fees actually incurred to collect a lawfully assessed past due amount and a condominium association brings a collection action and is awarded what it sought to collect, a trial court is required to award it reasonable attorney's fees incurred in

---

particularity." <u>Sanders v. Brown</u>, 571 S.E.2d 532, 535 (Ga. Ct. App. 2002). Pew has not shown any damages arising from the lien, much less special damages pleaded with particularity.

10

collecting that amount.  See id. ("Since the undisputed evidence in this case shows that [t]he . . . declaration provides that a delinquent unit owner shall be liable for reasonable attorney fees actually incurred, an award of attorney fees was mandated under the statute.").

The declaration in the present case provides for the payment of costs and reasonable attorney's fees actually incurred in an action to collect assessments. See Declaration § 11(b).  It addresses annual, special, and specific assessments, and it states, "All such assessments, together with charges, interest, costs, and reasonable attorney's fees actually incurred . . . in the maximum amount permitted by the [Condominium] Act, shall be a charge on the Unit and shall be a continuing lien upon the Unit against which each assessment is made."  Id.  The Association, however, was not authorized to collect all of the assessments it sought in this case. As we have already discussed, the Association was not entitled to assess against Pew's condominium unit the attorney's fees it incurred to enforce the protective orders against Lavalle after he was no longer an occupant of the unit.  Those assessments were beyond the scope of the declaration and Ga. Code Ann. § 44-3-80(b)(2).

As for the delinquent assessments that are a valid basis for its statutory lien, however, the Association is entitled to reasonable attorney's fees actually incurred

11

to collect them. See Wehunt v. Wren's Cross of Atlanta Condo. Ass'n, Inc., 332 S.E.2d 368, 373 (Ga. Ct. App. 1985) ("[Defendant's] indebtedness [for attorney's fees] stems from the association's right to a lien for assessments, including the costs of collection as provided in the condominium instruments and in OCGA § 44-3-109(b)(3)."). Georgia law requires that those fees be awarded. See Springs Condo. Ass'n, 677 S.E.2d at 716; Ga. Code Ann. § 44-3-109(b)(3).[4]

The part of the district court's judgment denying the Association any of the attorney's fees and costs that it incurred in the present lawsuit is REVERSED, and the case is REMANDED for the district court to determine the costs and the reasonable attorney's fees the Association actually incurred to collect the delinquent amounts it was lawfully entitled to collect—its "costs of collection," Ga. Code Ann. § 44-3-109(b)(3).

V.

That, however, is not the end of the matter. The Association also contends that interest must be awarded on the delinquent assessments that it is entitled to collect. It correctly points out that the district court did not address the issue of

---

[4]Pew argues that some of the Association's attorney's fees were contingent and dependent upon a condition precedent that has not yet occurred. The condition is that amounts due on Pew's unit be paid in whole or in part. That condition was satisfied when Pew paid $34,262.62 to the Association to satisfy a tax lien and when the Fulton County Superior Court disbursed $120,000 to the Association following judgment against Pew is a state court lawsuit. Pew's argument fails.

interest, even though it was raised. The declaration provides for "interest at the rate of ten (10%) percent per annum" on all delinquent annual assessments and "any other charge" that is not paid within ten days of its due date. Declaration § 11(c)(i). The same interest rate applies under Georgia's Condominium Act:

> To the extent that the condominium instruments provide, the personal obligation of the unit owner and the lien for assessments shall also include:
>
> *    *    *
>
> (2) At a rate not in excess of 10 percent per annum, interest on each assessment or installment thereof and any delinquency or late charge pertaining thereto from the date the same was first due and payable[.]

Ga. Code Ann. § 44-3-109(b)(2). Pew does not contest that he owes the $31,532.88 in delinquent assessments that the district court awarded in this case, and he cannot contest that, based on the Declaration and Ga. Code Ann. § 44-3-109(b)(2), he owes interest. The Association calculates the amount of interest on that amount at $5,407.52 through May 2011. On remand the district court should award the Association the correct amount of interest due at an annual rate of ten percent on the Association's $31,532.88 in delinquent assessments.

## VI.

Finally, the Association contends that it is entitled to an order allowing it to foreclose on its statutory lien against Pew's condominium unit. On November 10,

13

2009, the Association filed with the Fulton County Superior Court a notice of statutory lien against Pew's unit "for unpaid assessments, late fees, interest, the cost of collection and reasonable attorney's fees actually incurred in the amount of $57,634.52." The amount specified in the notice included the attorney's fees the Association incurred in enforcing the protective orders against Lavalle. The district court held that because the Association was not entitled to assess those fees, they could not be the basis of the statutory lien. For that reason, it denied the Association's request for a foreclosure order. In its motion for reconsideration, the Association asked the district court to issue a foreclosure order for the amounts that the court had awarded, but the court denied that motion without elaborating on its reasoning.

As we have already mentioned, the Georgia Condominium Act provides that "[a]ll sums lawfully assessed by the association against any unit owner or condominium unit . . . shall, from the time the same become due and payable, be the personal obligation of the unit owner and constitute a lien in favor of the association on the condominium unit." Ga. Code Ann. § 44-3-109(a) (emphasis added). Thus, only amounts lawfully assessed can be the basis for the lien. Also, foreclosure cannot occur unless proper notice is given to the condominium unit owner, and that notice must specify the amount of the assessments, late charges,

14

and interest:  "The notice provided for in this subsection <u>shall specify the amount</u> of the assessments then due and payable together with authorized late charges and the rate of interest accruing thereon."  <u>Id.</u> § 44-3-109(c) (emphasis added).

The attorney's fees the Association incurred to enforce the protective orders against Lavalle were not lawfully assessed against Pew's condominium, but they are part of the amount specified in the notice of foreclosure filed on November 10, 2009.  The Association has not alleged that it filed an amended or a new notice of foreclosure based on the lawfully assessed amounts.  Because the amount lawfully assessed against Pew's condominium unit is not the amount specified in the notice of foreclosure, the district court did not err by denying the Association's request to issue a foreclosure order, and that part of its judgment is AFFIRMED.

**AFFIRMED in part, REVERSED in part and REMANDED.**